UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC

                                                              Case No.
        Plaintiff,                      Hon.

vs.

SHELBY TOWNSHIP OFFICER T. HOGAN,
in his individual capacity,

        Defendant.
_____

ERNST CHARARA & LOVELL, PLC
STEPHEN M. LOVELL (P80921)
Counsel for Plaintiffs
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
stephen@ecllawfirm.com

_____

**COMPLAINT AND JURY DEMAND**

      NOW COMES Plaintiffs, by Counsel, and for their complaint, state as follows:

## VENUE AND JURISDICTION

1. Plaintiff John Kelmendi ("Kelmendi") is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

2. Plaintiff Tom Djonovic is, and was at all times relevant hereto, a citizen of the United States and State of Michigan and is the Personal Representative of the Estate of Prela Djonovic, deceased.

3. The cause of action arose in the City of Shelby Township, County of Macomb, State of Michigan.

4. Officer T. Hogan was at all times relevant hereto, a Shelby Township Police Department officer, and is being sued in his individual capacity.

5. At material times, Defendant Hogan acted under color of state law, and pursuant to the policies, practices, customs, and usages of the Shelby Township Police Department.

6. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

7. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

8. As background for this case, Plaintiff Kelmendi has a civil action pending against Shelby Township for constitutional violations under *Monell*.

9. On January 12, 2018, Plaintiff Klemendi was sleeping in Prela Djonovic's home where they lived with Plaintiff Tom Djonovic and his son.

10. On January 12, 2018, Plaintiff Tom Djonovic, answered a knock at the door.

11. When Plaintiff Tom Djonovic answered the door, there were several Shelby Township officers standing outside in full gear with Plaintiff Tom Djonovic's estranged wife.

12. Plaintiff Tom Djonovic was told that his wife was there to collect documents and clothing.

13. Plaintiff Tom Djonovic explained to the officers that his wife did not live there and that she had removed her belongings the previous day.

14. Plaintiff Tom Djonovic shut the door to the home and went to take care of his son, who was crying.

15. The Shelby Township officers began knocking again and Plaintiff Kelmendi went to answer the door so that Plaintiff Tom Djonovic could take care of his son while Prela Djonovic stood in the foyer and watched the interaction.

16. When Plaintiff Kelmendi answered the door, he was told by Defendant that they were there to retrieve property that belonged to Plaintiff Tom Djonovic's wife.

17. Plaintiff Kelmendi explained that she had removed all of her belongings the previous day and that she did not live there and did not have permission to enter.

18. Defendant told Plaintiff Kelmendi that he had the right to the home.

19. Plaintiff continued to discuss what items his sister-in-law thought were still in the home.

20. Undeterred and unwilling to discuss what items needed to be retrieved, Defendant entered the home and grabbed Plaintiff Kelmendi and slammed him, causing him to hit his head on a concrete wall and fall over a vase.

21. Plaintiff Kelmendi lost consciousness due to the force used by Defendant.

22. Defendant then moved past Plaintiff Kelmendi and pushed and struck Prela Djonovic in the face and him with a baton on his ribs, causing him to suffer injuries that eventually led to his death.

23. When Plaintiff Kelmendi regained consciousness, he asked Defendant for his name and badge number but Defendant refused to give him any information

and would not take his statement and informed Plaintiff Kelmendi that he was aware of his lawsuit against Shelby Township.

24. Plaintiff Kelmendi's sister-in-law retrieved approximately five articles of clothing and left with Defendant and the other officers.

25. Plaintiff Kelmendi went to the Shelby Township Police Department to make a formal statement regarding the incident but was not allowed to do so and no statements from Plaintiff Kelmendi, Plaintiff Tom Djonovic, or Prela Djonovic were included in the police report generated for January 12, 2018.

26. Plaintiff Kelmendi then went to the hospital after being unable to make a statement and complained of injuries to his head, ribs, neck, back, and knee.

27. Plaintiff Kelmendi was kept overnight at the hospital and has received injections in his neck and back, as well as neurological treatment for a closed head injury.

28. No charges were ever filed against Plaintiff Kelmendi, Plaintiff Djonovic, or Prela Djonovic.

## COUNT I
## CONSTITUTIONAL VIOLATIONS

29. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

30. The actions and/or omissions of Defendant as described above constitute violations of the United States Constitution as follows:

    a. An unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution;
    b. Excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

31. The rights at issue here were clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiffs' rights and should have recognized his actions violated said rights.

## DAMAGES

32. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

33. As a direct and proximate result of the unconstitutional actions of the individual and official Defendant as set forth above, Plaintiff Kelmendi was caused the following injuries and damages, past and future, including but not limited to:

    a. Closed head injury,
    b. Neck and back injury,
    c. Left and right knee injuries,
    d. Pain and suffering,
    e. Mental anguish, mental distress and loss of the enjoyment of life and social activities
    f. Fear, anxiety, depression,
    g. Special damages including medical expenses.

34. As a direct and proximate result of the unconstitutional actions of the individual and official Defendant as set forth above, Prela Djonovic was caused the following injuries and damages, past and future, including but not limited to:

    a. Black eye,
    b. Broken ribs,
    c. Internal injuries,
    d. Pain and suffering,
    e. Mental anguish, mental distress and loss of the enjoyment of life,
    f. Fear, anxiety, depression,
    g. Death,
    h. Special damages including medical expenses.

35. As a result of the Defendant's unconstitutional actions and/or omissions, Plaintiffs are entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages, and is entitled to recover punitive damages as Defendant's acts and/or omissions merit an award of same.

36. Plaintiffs are also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiffs respectfully requests judgment for damages against Defendant in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury on all issues allowed by law.

        Respectfully submitted,

        */s/ Stephen M. Lovell*
        Stephen M. Lovell (P80921)
        Counsel for Plaintiff
        Ernst Charara & Lovell, PLC
        645 Griswold Street, Suite 4100
        Detroit, Michigan 48226
        Phone: (313) 965-5555
        Fax: (313) 965-5556
        Email: stephen@ecllawfirm.com

Date:  August 28, 2020

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, I presented the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record and by personal service to Defendant.

        */s/ Deanna Denby*