UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC

                                          Case No. 2:20-cv-12354

             Plaintiff,             Hon.  Denise Page Hood
vs.                                  Mag. Judge R. Steven Whalen

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

             Defendants.

_____

| | |
|---|---|
| ERNST CHARARA & LOVELL, PLC | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
| STEPHEN M. LOVELL (P80921) | Robery S. Huth, Jr. (P42531) |
| Counsel for Plaintiffs | Raechel M. Badalamenti (P64361 |
| 645 Griswold, Suite 4100 | Attorneys for Defendant Hogan |
| Detroit, Michigan 48226 | 19500 Hall Road, Suite 100 |
| (313) 965-5555 | Clinton Township, MI 48038 |
| stephen@ecllawfirm.com | (528) 412-1900 |
| | rhuth@kirkhuthlaw.com |
| | rbadalamenti@kirkhuthlaw.com |

_____

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, by Counsel, and for their first amended complaint,

state as follows:

## <u>VENUE AND JURISDICTION</u>

1.    Plaintiff John Kelmendi ("Kelmendi") is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

2.    Plaintiff Tom Djonovic is, and was at all times relevant hereto, a citizen of the United States and State of Michigan and is the Personal Representative of the Estate of Prela Djonovic, deceased.

3.    The cause of action arose in the City of Shelby Township, County of Macomb, State of Michigan.

4.    Officer T. Hogan was at all times relevant hereto, a Shelby Township Police Department officer, and is being sued in his individual capacity.

5.    Defendants John Does, to be named by and through discovery, were at all times relevant hereto, Shelby Township Police Department officers, and are being sued in their individual capacities.

6.    Defendant The Charter Township of Shelby was at all times relevant hereto a political subdivision of the State of Michigan.

7.    At material times, Defendant Hogan and the John Doe Defendants acted under color of state law, and pursuant to the policies, practices, customs, and usages of the Shelby Township Police Department and The Charter Township of Shelby.

2

8.  The claims brought herein are cognizable under the United States

    Constitution and 42 U.S.C. §1983.  Accordingly, jurisdiction is conferred by

    28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

9.  Plaintiffs reallege and incorporate by reference the allegations contained in

    the previous paragraphs.

10. As background for this case, Plaintiff Kelmendi  has a civil action pending

    against Shelby Township for constitutional violations under *Monell*.

11. On January 12, 2018, Plaintiff Klemendi was sleeping in Prela Djonovic's

    home where they lived with Plaintiff Tom Djonovic and his son.

12. On January 12, 2018, Plaintiff Tom Djonovic, answered a knock at the door.

13. When Plaintiff Tom Djonovic answered the door, there were several Shelby

    Township officers standing outside in full gear with Plaintiff Tom

    Djonovic's estranged wife.  The officers were Defendant Hogan and the

    John Doe Defendants.

14. Plaintiff Tom Djonovic was told that his wife was there to collect

    documents and clothing.

15. Plaintiff Tom Djonovic explained to the Defendant officers that his wife did

    not live there and that she had removed her belongings the previous day.

3

16.    Plaintiff Tom Djonovic shut the door to the home and went to take care of
       his son, who was crying.

17.    The Shelby Township officers began knocking again and Plaintiff Kelmendi
       went to answer the door so that Plaintiff Tom Djonovic could take care of
       his son while Prela Djonovic stood in the foyer and watched the interaction.

18.    When Plaintiff Kelmendi answered the door, he was told by Defendant
       Hogan that they were there to retrieve property that belonged to Plaintiff
       Tom Djonovic's wife.

19.    Plaintiff Kelmendi explained that she had removed all of her belongings the
       previous day and that she did not live there and did not have permission to
       enter.

20.    Defendant Hogan told Plaintiff Kelmendi that he had the right to the home.

21.    Plaintiff continued to discuss what items his sister-in-law thought were still
       in the home.

22.    Undeterred and unwilling to discuss what items needed to be retrieved,
       Defendant Hogan as well as John Doe Defendants 1, 2, and 3 entered the
       home and grabbed Plaintiff Kelmendi and slammed him, causing him to hit
       his head on a concrete wall and fall over a vase.

23.    Plaintiff Kelmendi lost consciousness due to the force used by Defendants.

4

24.   John Doe Defendants 4, 5, and 6 then moved past Plaintiff Kelmendi and pushed and struck Prela Djonovic in the face and him with a baton on his ribs, causing him to suffer injuries that eventually led to his death.

25.   Upon information and belief, either John Doe Defendant 4, 5, or 6 pointed a gun at Tom Djonovic and his son as the other two John Doe Defendants beat Prela Djonovic.

26.   When Plaintiff Kelmendi regained consciousness, he asked Defendant Hogan for his name and badge number but Defendant Hogan refused to give him any information and would not take his statement and informed Plaintiff Kelmendi that he was aware of his lawsuit against Shelby Township.

27.   Plaintiff Kelmendi's sister-in-law retrieved approximately five articles of clothing and left with Defendants Hogan and the John Doe Defendants.

28.   Plaintiff Kelmendi went to the Shelby Township Police Department to make a formal statement regarding the incident but was not allowed to do so and no statements from Plaintiff Kelmendi, Plaintiff Tom Djonovic, or Prela Djonovic were included in the police report generated for January 12, 2018.

29.   Plaintiff Kelmendi then went to the hospital after being unable to make a statement and complained of injuries to his head, ribs, neck, back, and knee.

30.   Plaintiff Kelmendi was kept overnight at the hospital and has received injections in his neck and back, as well as neurological treatment for a closed head injury.

31.   No charges were ever filed against Plaintiff Kelmendi, Plaintiff Djonovic, or Prela Djonovic.

32.   Plaintiff Kelmendi and on behalf of the Estate of Prela Djonovic, as Personal Representative thereof, Tom Djonovic seek all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon them.

33.   As part of the aforementioned relief, Plaintiff Djonovic seeks damages for the Estate, including any and all damages recoverable under the Michigan Wrongful Death Act, MCL 600.2922 and 42 USC Sections 1983 and 1988, attroney fees and costs, and any further relief the Court deems proper.

**COUNT I**
**CONSTITUTIONAL VIOLATIONS**
**(As to Defendant Hogan and the John Doe Defendants)**

34.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

35.   Plaintiffs were entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and the United States.

36.    At all times relevant, Defendants were acting within the course and scope of their employment with The Charter Township of Shelby and were acting under color of state law with the authority granted them as officers.

37.    The actions and/or omissions of Defendants as described above constitute violations of the United States Constitution as follows:

   a.    An unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution;
   b.    Excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

38.    The rights at issue here were clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiffs' rights and should have recognized his actions violated said rights.

## COUNT II
### *Monell* Claim
### (As to Defendant Charter Township of Shelby)

39.    Plaintiffs, by reference, incorporate and the preceding paragraphs as though fully set forth herein.

40.    Plaintiff Kelmendi and Prela Djonovic were subjected to deprivations of clearly established, constitutionally protected rights and privileges secured by the Fourth and Fourteenth Amendements to the Constitution of the

7

United States, which was the right to be free from unreasonable search and seizure and the right to be free of the excessive use of force.

41.   The foregoing rights were clearly established at the time of the violations.

42.   The deprivations were caused by the customs, policies, and established practices of Defendant The Charter Township of Shelby, acting under color of its statutory and legal authority.

43.   On or about January 18, 2018, Defendant's policy makers and other decision making officials had a policy, practice, and/or custom of unlawfully entering the homes and using excessive force on citizens.

44.   The unconstitutional policy, practice, and/or custom was a driving force behind the constitutional violations suffered by Plaintiff Kelmendi and Prela Djonovic.

45.   As a direct and proximate result of the unconstitutional acts and omissions of Defendant, Plaintiff kelmendi and Prela Djonovic sustained the serious injuries herein described.

## **DAMAGES**

46.   Plaintiffs, by reference, incorporate and the preceding paragraphs as though fully set forth herein.

8

47.    As a direct and proximate result of the unconstitutional actions of the

individual and official Defendanst as set forth above, Plaintiff Kelmendi was

caused the following injuries and damages, past and future, including but not

limited to:

      a.     Closed head injury,
      b.     Neck and back injury,
      c.     Left and right knee injuries,
      d.     Pain and suffering,
      e.     Mental anguish, mental distress and loss of the enjoyment of life and social activities
      f.     Fear, anxiety, depression,
      g.     Special damages including medical expenses.

48.    As a direct and proximate result of the unconstitutional actions of the

individual and official Defendant as set forth above, Prela Djonovic was caused

the following injuries and damages, past and future, including but not limited to:

      a.     Black eye,
      b.     Broken ribs,
      c.     Internal injuries,
      d.     Pain and suffering,
      e.     Mental anguish, mental distress and loss of the enjoyment of life,
      f.     Fear, anxiety, depression,
      g.     Death,
      h.     Special damages including medical expenses.

49.    Prela Djonovic is survives by one of more people eligible to recover

damages under the Wrongful Death Act, including his sons.

9

50.   As a result of the Defendant's unconstitutional actions and/or omissions, Plaintiffs are entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages, and is entitled to recover punitive damages as Defendant's acts and/or omissions merit an award of same.

51.   Plaintiffs are also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiffs respectfully requests judgment for damages against Defendants in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, I presented the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record and by personal service to Defendant.

*/s/ Deanna Denby*