UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                    Case No. 2:20-cv-12354
                                                   Hon. Denise Page Hood
            Plaintiffs,                            Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

            Defendants.
_____/

KUSTRA LAW PLLC                      KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: STEVEN J. KRUSTA (P79002)        By: ROBERT S. HUTH, JR. (P42531)
Attorney for Plaintiffs                  RAECHEL M. BADALAMENTI (P64361)
724 Notre Dame St.                       ELIZABETH P. ROBERTS (P76017)
Grosse Pointe, MI 48230              Attorneys for Defendant
(313)586-4444                        19500 Hall Road, Suite 100
kustra@kustralaw.com                 Clinton Township, MI 48038
                                     (586) 412-4900      Fax: (586) 412-4949
                                     rhuth@KirkHuthLaw.com
                                     rbadalamenti@KirkHuthLaw.com
                                     eroberts@KirkHuthLaw.com
_____/

## DEFENDANT'S MOTION TO DISMISS JOHN DOE DEFENDANTS

NOW COME Defendants the Charter Township of Shelby, Shelby
Township Police Officer T. Hogan, and the John Doe Defendants (collectively
hereinafter "Defendants"), by and through their attorneys Kirk, Huth, Lange &

Badalamenti, PLC, and for their Motion to Dismiss John Doe Defendants, states as follows:

1. Plaintiffs filed their original Complaint on August 8, 2020 (**ECF 1**); at this time, only a Summons for Defendant Officer Hogan issued (**ECF 2-3**). Counsel, then, filed their Appearances for Defendant Officer Hogan only (**ECF 4-5**). Defendant Officer Hogan filed his Answer to Complaint, Reliance on Jury Demand, and Affirmative Defenses on October 9, 2020 (**ECF 6**). Then, on or about October 30, 2020, Plaintiffs filed their First Amended Complaint (**ECF 8**). At that time, Summonses issued for Shelby Township and *unidentified* John Doe Defendants (**ECF 9**). In the Amended Complaint, Plaintiffs JOHN KELMENDI and TOM DJONOVIC, as Personal Representative of the Estate of PRELA DJONOVIC, assert claims of unlawful search and seizure and use of excessive force against Shelby Township Police Officer T. Hogan and unknown John Doe Defendants, arising from an alleged incident on January 12, 2018, along with a vague *Monell* claim for municipal liability against the Charter Township of Shelby. (**ECF 8**).

2. Defendants filed their Answer to the First Amended Complaint, Reliance on Jury Demand and Affirmative Defenses on November 27, 2020 (**ECF 10**).

3. On January 4, 2021, the parties submitted their Joint Discovery Plan

(**ECF 12**).  Therein, the parties set forth in pertinent part that:

> **Anticipated Amendments to the Pleadings:** Plaintiffs
> anticipate amending their Complaint as the identity of
> Defendant John Does become known, as well as to state with
> added particularity the specific actions of each Defendant, as
> they become known through the course of discovery. Plaintiffs
> request that there be no limitation of the time allowed for
> amending the pleadings, or that the parties be permitted to
> amend their pleadings up until the close of discovery. To the
> extent that additional claims or parties become known through
> the course of discovery, but beyond the pertinent statute of
> limitations, Plaintiffs reserve the right to amend their pleadings
> and bring additional claims and/or parties that will relate back
> to Plaintiff's originally filed Complaint in this matter, as
> permitted under Fed. R. Civ. P. 15.
>
> Defendants do not anticipate that they need to amend the
> pleadings. However, Defendants assert that any further
> amendment to Plaintiff's Complaint must be filed and served
> within the applicable statute of limitations, as required by
> Federal Rules of Civil Procedure.

4. On or about January 11, 2021, this Court held an Initial Scheduling

Conference.  At about the same time, the Scheduling Order at **ECF 13**

issued, setting forth the following dates:

- Initial Disclosures by: <u>January 25, 2021</u>
- Amendments to Pleadings or Joinder of Parties by: <u>April 5, 2021</u>
- Initial Witness List by: <u>April 19, 2021</u>
- Plaintiff's Expert Disclosures/Report by: <u>April 19, 2021</u>
- Defendant's Expert Disclosures/Report by: <u>May 24, 2021</u>
- All Discovery completed by: <u>July 30, 2021</u>
- Motions (except motions in limine) by: <u>August 30, 2021</u>
- A proposed *Joint* Final Pretrial Order and trial motions in limine by: December 6, 2021

- The final pretrial conference is set for: December 13, 2021, 2:00 pm
- Trial (Jury X or Bench ) is set for: January 11, 2022, 9:00 am
- The parties must exchange exhibits listed in the JFPTO prior to trial.
- The parties must confer on proposed jury instructions prior to trial and submit one joint agreed to jury instructions on the first day of trial.

5. The following day -- only 8 days after submission of the Joint Discovery Plan -- on January 12, 2021, the three-year statute of limitations applicable to 42 U.S.C. 1983 claims lapsed – without identification of the John Doe Defendants by Plaintiffs and without the filing of a second amended Complaint, nor the issuance of Summonses naming the individual officers and clearly without service of such complaint or summonses upon the individual officers.

6. On or about January 15, 2021, Counsel for Defendants served the correspondence attached as **Ex. 1** upon prior counsel for Plaintiffs, requesting concurrence in this Motion for Dismissal, specifically setting forth the bases therefore, including that the statute of limitations had run before a complaint identifying and naming the John Doe Defendants was filed and served.  Defendants also requested dismissal of the *Monell* claim, as the same was predicated on the same theory of ethnic discrimination that was rejected in *Kelmendi v. Walsh*, *et. al*., United States District Court for the Eastern District of Michigan Case No. 2:17-cv-12325-GCS-RSW at ECF No. 53 and, finally, Defendants requested

4

dismissal of the claims by Prela Djonovic given that the Shelby Township Police Incident Report establishes that the Shelby Township Police had no contact with him and Plaintiffs had no basis to dispute that fact.[1]

7.  Thereafter, on or about January 26, 2021, prior Counsel for Plaintiffs and Counsel for Defendants conducted a L.R. 7.1 Conference concerning the bases for the requested dismissal.  During this teleconference, Counsel for Plaintiffs never asserted that any Complaint or Summonses naming the John Doe Defendants was filed or served.  Instead, prior Counsel for Plaintiffs contended that Defense Counsel's appearance on behalf of unnamed and unidentified John Does – via the filing of the Answer at **ECF 10** - was enough. Ultimately, concurrence in Defendants' request for dismissal was denied.

8.  Immediately after this teleconference, Counsel for Defendants sent Counsel for Plaintiffs the correspondence at **Ex. 2**, recapping their teleconference and the asserted bases for dismissal.  It is apparent therefrom that there was, then, no assertion that a Complaint or Summonses identifying the John Doe Defendants had been filed or

---

[1] Defendants have opted to wait for decision on this motion and/or the close of discovery to file a motion for dismissal and/or summary judgment respecting the dismissal of the *Monell* claim and claims by Prela Djonovic.

served—as is also apparent from the docket/register of actions in this case.

9. Some months later, prior counsel for Plaintiffs withdrew his representation[2].  Plaintiffs were provided an informal stay of discovery pending their retention of new counsel. **ECF 14-18**.

10. On June 23, 2021, two days after current counsel for Plaintiffs filed his appearance (**ECF 19**) on June 21, 2021, Counsel for Defendants contacted current counsel for Plaintiffs, indicating that she was "re-issuing correspondence regarding a motion to dismiss, believing that your response thereto may differ from prior counsel's" and requesting concurrence in dismissal on the same bases as set forth in paragraph 6 of this Motion.  **See Ex. 3**.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

---

[2] During this hearing permitting withdrawal of prior Counsel for Plaintiffs, there were statements from Plaintiffs asserting that they were having difficulty in finding new counsel and were being prejudiced by counsel in some way. During the hearing, the suggestion was that *defense* counsel had been prejudicing their attempts to find new counsel. The real difficulty they were having, though, was that the attorneys with whom Plaintiffs were consulting were apparently aware that the Statute of Limitations had run without identifying, filing a complaint naming or serving the John Doe Defendants, that these attorneys refused to take on representation of the Plaintiffs under such circumstances and advised them they had been prejudiced by counsel – referencing not the prejudice of *defense* counsel, but the prejudice of *their own prior counsel* in letting the Statute of Limitations lapse without action. Indeed, Defense Counsel had conversation with one such attorney to this effect – while Defense Counsel was trying to get a handle on whom to serve with discovery and witness lists and proposed stipulated orders during a time that prior Counsel for Defendants had not formally withdrawn but was refusing service and failing to authorize counsel for Defendants to directly serve his clients -- all prior to the filing of an appearance by new counsel for Plaintiffs.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

11. Without a response, on July 22, 2021, Counsel for Defendants followed up on her request for dismissal and concerning the status of discovery and this case in general.  Two days later, Counsel for Plaintiffs responded contending that he did not receive the correspondence dated June 23, 2021 and requesting a teleconference to discuss the same.  **Ibid**.

12. The teleconference to discuss these matters was held on or about July 26, 2021.  **See e.g. Ex. 4.**

13. It was not until August 13, 2021 that Counsel for Defendants received a response from current Counsel for Plaintiffs, denying concurrence in this Motion.  Therein, there is zero suggestion that the John Does Defendants were ever named in a filed Complaint that was served upon them prior to the lapsing of the statute of limitations.   Instead, Plaintiffs denied concurrence in the request for dismissal based on their contention that "the John Doe Defendants were given sufficient notice with filing of the Amended Complaint to have imputed knowledge of the claims against them to survive the strict 6th Circuit interpretation of the relation back rules."  Plaintiffs also contended that they were not provided the identification of John Doe Defendants in a timely manner – which is an obviously false assertion given the first request for production of the police report identifying these officers was made *after* the Statute of

Limitations had already lapsed on January 14, 2021. Defense Counsel, who was under no obligation to produce such materials until January 25, 2021 when Initial Disclosures were due pursuant to **ECF 13**, promptly produced the Police Report the following day on January 15, 2021. **Ex. 6.**

14. To be sure, there was no assertion that the John Doe Defendants had been named or served with any Complaint and/or Summonses since this date and until on or about November 23, 2021 – when current Counsel for Plaintiffs contacted Counsel for Defendants indicating that he found a *never-filed* amended Complaint in the file sent to him from prior counsel for Plaintiffs which included a certificate of service on these unnamed John Doe Defendants and/or Defense Counsel (whom never agreed to accept service for John Doe Defendants in any event), admitting that the Docket showed the same was never filed, explaining that prior Counsel for Plaintiffs did not believe the same was ever filed or served on these unnamed John Doe Defendants and/or Counsel for Defendants (making it apparent the same must have been a draft) but requesting concurrence in a Motion to Amend the Complaint to, now, identify these unnamed John Doe Defendants nearly one year after the Statute of Limitations lapsed.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

15. As set forth in the Brief in Support, dismissal of the John Doe Defendants with prejudice is required under Fed. R. Civ. P. 12(c) and/or Fed. R. Civ. P. 56 (b).

**WHEREFORE,** Defendants request this Honorable Court to enter an Order (A) Granting this Motion; (B) Dismissing all claims against the John Doe Defendants with prejudice; and (C) Granting such other relief as may be appropriate.

Respectfully submitted,

**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By:  s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
Email: rbadalamenti@KirkHuthLaw.com
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
Dated: December 16, 2021  (586) 412-4900

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                         Case No. 2:20-cv-12354
                                                        Hon. Denise Page Hood
        Plaintiffs,                                     Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

        Defendants.
_____/

KUSTRA LAW PLLC                      KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: STEVEN J. KRUSTA (P79002)         By: ROBERT S. HUTH, JR. (P42531)
Attorney for Plaintiffs                  RAECHEL M. BADALAMENTI (P64361)
724 Notre Dame St.                       ELIZABETH P. ROBERTS (P76017)
Grosse Pointe, MI  48230             Attorneys for Defendant
(313)586-4444                        19500 Hall Road, Suite 100
kustra@kustralaw.com                 Clinton Township, MI  48038
                                     (586) 412-4900     Fax: (586) 412-4949
                                     rbadalamenti@KirkHuthLaw.com
                                     eroberts@KirkHuthLaw.com
_____/

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**
**JOHN DOE DEFENDANTS**

NOW COME Defendants the Charter Township of Shelby, Shelby

Township Police Officer T. Hogan, and the John Doe Defendants (collectively

hereinafter "Defendants"), by and through their attorneys Kirk, Huth, Lange &

i

Badalamenti, PLC, and for the Brief in Support of Defendants' Motion to Dismiss

John Doe Defendants, state as follows:

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

# TABLE OF CONTENTS

I.   INDEX OF AUTHORITIES.................................................................................. IV

II.  STATEMENT OF QUESTIONS PRESENTED............................................. VI

III. STATEMENT OF RELEVANT FACTS ..........................................................1

IV. STANDARD OF REVIEW ..................................................................................7

V.  LAW AND ARGUMENT .....................................................................................8

    A.   ALL CLAIMS AGAINST THE "JOHN DOE" DEFENDANTS WHO WERE NEVER
IDENTIFIED BY NAME IN OR SERVED WITH AN AMENDED PLEADING MUST BE
DISMISSED. ........................................................................................................9

## I.   <u>INDEX OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..........................................7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................8

*Awdish v. Pappas*, 159 F. Supp. 2d 672 (E.D. Mich. 2001)......................................9

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998)................................................8

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)...............................................7

*Binay v. Bettendorf*, 601 F.3d 640 (6th Cir. 2010) .....................................................8

*Boyd v. City of Warren*, No. 16-12741, 2020 WL 1861986 (E.D. Mich. Apr. 14, 2020).......................................................................................................................11

*Bradfield v. City of Memphis*, 24 Fed.Appx. 307 (6th Cir., 2001) .........................10

*Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023 (6th Cir. 1968) ...............................9

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007)..7

*Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) .........................................................10

*DeBois v. Pickoff*, No. 3:09CV230, 2011 WL 1233665 (S.D. Ohio Mar. 28, 2011) ............................................................................................................................10

*Fridley v. Horrighs*, 291 F.3d 867 (6th Cir. 2002) .................................................8, 9

*Hirmuz v. City of Madison Heights*, 469 F.Supp.2d 466 (E.D.Mich., 2007) ..........10

*Johnson v. City of Ecorse*, 137 F. Supp. 2d 886 (E.D. Mich. 2001) ........................9

*Lanman v. Hinson*, 529 F.3d 673 (6th Cir. 2008)......................................................9

*Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995 (S.D. Ohio Jan. 21, 2015)...................................................................................................................9

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)........................................................7

*Ondo v. City of Cleveland*, 795 F.3d 597 (2015)........................................................9

*Reist v. Orr*, 67 F.3d 300 (6th Cir. 1995)...................................................................8

*Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001).........................................................10

*Scott v. Harris*, 550 U.S. 372 (2007) .........................................................................8

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008)..................7

*Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012)..........................................9

*St. Francis Health Care Center v. Shalala*, 205 F.3d 937 (6th Cir. 2000)...............8

*Wilson v. Garcia*, 417 U.S. 261 (1985) ...................................................................10

**Statutes**

42 U.S.C. § 1983 ..........................................................................................................9

M.C.L. § 600.5805 .....................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................7

Fed. R. Civ. P. 12(c).....................................................................................................7

Fed. R. Civ. P. 4 ...........................................................................................................9

iv

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

Fed. R. Civ. P. 56 ...................................................................................9, 7

Fed.R.Civ.P. 15(c)....................................................................................10

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

## II.   <u>STATEMENT OF QUESTIONS PRESENTED</u>

A. Are the John Doe Defendants Entitled to Dismissal in their Favor Where the statute of limitations had run before a complaint identifying and naming the John Doe Defendants was filed and served, in accordance with Fed. R. Civ. P. 4 and 15?

**Defendants Answer:**      **Yes.**
**Plaintiffs Answer:**       **No.**

### III.   STATEMENT OF RELEVANT FACTS

In the Amended Complaint, Plaintiffs JOHN KELMENDI and TOM DJONOVIC, as Personal Representative of the Estate of PRELA DJONOVIC, assert claims of unlawful search and seizure and use of excessive force against Shelby Township Police Officer T. Hogan and unknown John Doe Defendants along with a vague *Monell* claim for municipal liability against the Charter Township of Shelby. **ECF 8.**  This motion is filed under Fed. R. Civ. P. 12.  As such, for the purposes of this motion only, Defendants incorporate the fact allegations from Plaintiff's First Amended Complaint at **ECF 8** – despite the absurdity of such allegations.

In fact, the claims arise out of a no-arrest, peace-officer run on January 12, 2018 requested by Ljiljana Djonovic ("Ljiljana"). **Ibid**. Ljiljana was asking for officers to stand by so she could enter her home at **** 24 Mile Road in Shelby Township to get personal items. Ljiljana reported her husband, Tom Djonovic ("Tom"), had threatened to kill her if she returned to the residence when she left to stay with her sister the day prior after the couple had an argument. Officer Gammicchia met Ljiljana at Mae Stecker Park near the residence in response to the request. Accompanying them to the residence were other Shelby Police Officers including Defendant Officer Hogan. Tom answered the door initially but refused to allow Ljiljana inside citing the fact that she "moved out" the day before. Tom

1

abruptly closed the door on the officers. Officers confirmed Ljiljana's residency using her State issued identification card and obtained consent for entry before knocking a second time. This time, Plaintiff John Kelmendi ("Kelmendi"), opened the door. Kelmendi and/or Ljiljana provided consent for entry and Officers entered the residence with Ljiljana who went upstairs to collect personal items. Tom and Kelmendi followed Ljiljana and the Officers upstairs yelling that they had no right to be inside the home. Kelmendi assaulted Officer Hogan upstairs and was directed, on audio, to stop. In response, Kelmendi complained that Officer Hogan pushed him but Officer Gammichia responded, on audio, that the statement was simply false. Before Officers left the residence, Kelmendi approached Sgt. Bellomo to report a push by Officer Hogan. Sgt. Bellomo responded that since he did not witness any physical contact Kelmendi would need to come to the station to make a report. Kelmendi said he would not do so. Officers left the residence with Ljiljana without further incident. Ljiljana completed a statement following the event verifying the foregoing.

In the Complaint, Plaintiffs provide a colorful description of a physical attack by Officers on Kelmendi who is struck so hard that he falls unconscious whereupon Officers move on to Tom and Kelmendi's father, Prela Djnovoic, who is beaten in the foyer. The Shelby Township Police Reports do not even mention Prela as a witness observed by Officers while they were inside the home. The

2

Complaint asserts Prela died from his entirely non-specific injuries though no medical or hospital records even suggest such assertions have merit.

The audio records confirm that the incredible assertions made about use of force during the incident are blatantly false. Defendant Officers used only that force, if any, which was reasonable and necessary under the circumstances and did not cause any injuries to Tom or Kelmendi and had zero interaction with Prela.

For purposes of this Motion, the following procedural history is also relevant:

- Plaintiffs filed their original Complaint on August 8, 2020 (**ECF 1**); at this time, only a Summons for Defendant Officer Hogan issued (**ECF 2-3**). Counsel, then, filed their Appearances for Defendant Officer Hogan only (**ECF 4-5**). Defendant Officer Hogan filed his Answer to Complaint, Reliance on Jury Demand, and Affirmative Defenses on October 9, 2020 (**ECF 6**). Then, on or about October 30, 2020, Plaintiffs filed their First Amended Complaint (**ECF 8**). At that time, Summonses issued for Shelby Township and *unidentified* John Doe Defendants (**ECF 9**). In the Amended Complaint, Plaintiffs JOHN KELMENDI and TOM DJONOVIC, as Personal Representative of the Estate of PRELA DJONOVIC, assert claims of unlawful search and seizure and use of excessive force against Shelby Township Police Officer T. Hogan and unknown John Doe Defendants, arising from an alleged incident on January 12, 2018, along with a vague *Monell* claim for municipal liability against the Charter Township of Shelby. (**ECF 8**).

- Defendants filed their Answer to the First Amended Complaint, Reliance on Jury Demand and Affirmative Defenses on November 27, 2020 (**ECF 10**).

- On January 4, 2021, the parties submitted their Joint Discovery Plan (**ECF 12**). Therein, the parties set forth in pertinent part that:

3

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**Anticipated Amendments to the Pleadings:** Plaintiffs anticipate amending their Complaint as the identity of Defendant John Does become known, as well as to state with added particularity the specific actions of each Defendant, as they become known through the course of discovery. Plaintiffs request that there be no limitation of the time allowed for amending the pleadings, or that the parties be permitted to amend their pleadings up until the close of discovery. To the extent that additional claims or parties become known through the course of discovery, but beyond the pertinent statute of limitations, Plaintiffs reserve the right to amend their pleadings and bring additional claims and/or parties that will relate back to Plaintiff's originally filed Complaint in this matter, as permitted under Fed. R. Civ. P. 15.

Defendants do not anticipate that they need to amend the pleadings. However, Defendants assert that any further amendment to Plaintiff's Complaint must be filed and served within the applicable statute of limitations, as required by Federal Rules of Civil Procedure.

- On or about January 11, 2021, this Court held an Initial Scheduling Conference. At about the same time, the Scheduling Order at **ECF 13** issued.

- The following day -- only 8 days after submission of the Joint Discovery Plan -- on January 12, 2021, the three-year statute of limitations applicable to 42 U.S.C. 1983 claims lapsed – without identification of the John Doe Defendants by Plaintiffs and without the filing of a second amended Complaint, nor the issuance of Summonses naming the individual officers and clearly without service of such complaint or summonses upon the individual officers.

- On or about January 15, 2021, Counsel for Defendants served the correspondence attached as **Ex. 1** upon prior counsel for Plaintiffs, requesting concurrence in this Motion for Dismissal, specifically setting forth the bases therefore, including that the statute of limitations had run before a complaint identifying and naming the John Doe Defendants was filed and served.

4

- Thereafter, on or about January 26, 2021, prior Counsel for Plaintiffs and Counsel for Defendants conducted a L.R. 7.1 Conference concerning the bases for the requested dismissal. During this teleconference, Counsel for Plaintiffs never asserted that any Complaint or Summonses naming the John Doe Defendants was filed or served. Instead, prior Counsel for Plaintiffs contended that Defense Counsel's appearance on behalf of unnamed and unidentified John Does – via the filing of the Answer at **ECF 10** - was enough. Ultimately, concurrence in Defendants' request for dismissal was denied.

- Immediately after this teleconference, Counsel for Defendants sent Counsel for Plaintiffs the correspondence at **Ex. 2**, recapping their teleconference and the asserted bases for dismissal. It is apparent therefrom that there was, then, no assertion that a Complaint or Summonses identifying the John Doe Defendants had been filed or served—as is also apparent from the docket/register of actions in this case.

- Some months later, prior counsel for Plaintiffs withdrew his representation. Plaintiffs were provided an informal stay of discovery pending their retention of new counsel. **ECF 14-18**.

- On June 23, 2021, two days after current counsel for Plaintiffs filed his appearance (**ECF 19**) on June 21, 2021, Counsel for Defendants contacted current counsel for Plaintiffs, indicating that she was "re-issuing correspondence regarding a motion to dismiss, believing that your response thereto may differ from prior counsel's" and requesting concurrence in dismissal on the same bases as set forth in paragraph 6 of this Motion. **See Ex. 3**.

- Without a response, on July 22, 2021, Counsel for Defendants followed up on her request for dismissal and concerning the status of discovery and this case in general. Two days later, Counsel for Plaintiffs responded contending that he did not receive the correspondence dated June 23, 2021 and requesting a teleconference to discuss the same. **Ibid**.

- The teleconference to discuss these matters was held on or about July 26, 2021. **See e.g. Ex. 4.**

5

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

- It was not until August 13, 2021 that Counsel for Defendants received a response from current Counsel for Plaintiffs, denying concurrence in this Motion. Therein, there is zero suggestion that the John Does Defendants were ever named in a filed Complaint that was served upon them prior to the lapsing of the statute of limitations. Instead, Plaintiffs denied concurrence in the request for dismissal based on their contention that "the John Doe Defendants were given sufficient notice with filing of the Amended Complaint to have imputed knowledge of the claims against them to survive the strict 6th Circuit interpretation of the relation back rules." Plaintiffs also contended that they were not provided the identification of John Doe Defendants in a timely manner – despite that Plaintiffs' first request for production of the police report identifying the responding officers was made after the Statute of Limitations had already lapsed on January 14, 2021. Defense Counsel, who was under no obligation to produce such materials until January 25, 2021 when Initial Disclosures were due pursuant to **ECF 13**, produced the Police Report the following day on January 15, 2021. **See Ex. 6.**

- In fact, there was no assertion that the John Doe Defendants had been named or served with any Complaint and/or Summonses since this date and until on or about November 23, 2021 – when current Counsel for Plaintiffs contacted Counsel for Defendants indicating that he found a *never-filed* amended Complaint in the file sent to him from prior counsel for Plaintiffs which included a certificate of service on these unnamed John Doe Defendants and/or Defense Counsel (whom never agreed to accept service for John Doe Defendants in any event), admitting that the Docket showed the same was never filed, explaining that prior Counsel for Plaintiffs did not believe the same was ever filed or served on these unnamed John Doe Defendants and/or Counsel for Defendants (making it apparent the same must have been a draft) but requesting concurrence in a Motion to Amend the Complaint to, now, identify these unnamed John Doe Defendants nearly one year after the Statute of Limitations lapsed.

As set forth below, dismissal of the John Doe Defendants is now required.

### IV.   <u>STANDARD OF REVIEW</u>

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is reviewed under the same standard as a motion to dismiss Fed. R. Civ. P. 12(b)(6). See e.g., *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).   To survive a motion to dismiss on these grounds, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).In considering the motion, the "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007).   "A court may also consider matters of public record in deciding a motion to dismiss…." *Id*. at 336.

Pursuant to Fed. R. Civ. P. 56(b), a motion for summary judgment shall be granted if the evidence indicates that no genuine issue of material facts exists. "[A] party opposing a properly supported motion for summary judgment may not rest on the mere allegations or denials of the pleadings, but must set forth specific acts showing that there is a genuine issue for trial.   *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986).   Irrelevant or unnecessary factual disputes also do

not create genuine issues of material fact.  *St. Francis Health Care Center v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000).   To avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him or her at trial.  *Anderson*, 477 U.S. at 248. Importantly, when opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable juror could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment.  *Scott v. Harris*, 550 U.S. 372 (2007); *Reist v. Orr*, 67 F.3d 300 (6th Cir. 1995).

## V.   <u>LAW AND ARGUMENT</u>

A police officer "is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Accordingly, a valid claim under 42 U.S.C. §1983 is one in which the plaintiff can "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under §1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In this Circuit, it is well settled that "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). ).  Importantly, claims that allege a violation "of constitutional rights must allege, with particularity, facts that demonstrate what each defendant

8

did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Failure to plead in accordance with this rule is fatal to a plaintiff's claim. *See Ondo v. City of Cleveland*, 795 F.3d 597, 610-11 (2015).

A. <u>**All Claims Against the "John Doe" Defendants Who Were Never Identified by Name In or Served With an Amended Pleading Must be Dismissed.**</u>

In accordance with Fed. R. Civ. P. 4, Plaintiffs asserted the claims in this case against "John Does." However, the Plaintiffs may only pursue these claims to judgment if they had amended the Complaint to name the particular officer(s) by name and served that amended Complaint on each of those individuals. *Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995, at *3 (S.D. Ohio Jan. 21, 2015) *citing Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Where the statute of limitations has lapsed and Plaintiff has not yet identified or served an 'unknown' or "john doe' party, the Court must dismiss the claims against that unnamed party. *Awdish v. Pappas*, 159 F. Supp. 2d 672, 673 (E.D. Mich. 2001) *citing Johnson v. City of Ecorse*, 137 F. Supp. 2d 886, 892 (E.D. Mich. 2001); *Smith v. City of Akron*, 476 F. App'x 67, 68-9 (6th Cir. 2012). This is because a "[d]efendant is not and cannot be a proper party subject to this Court's jurisdiction until he is served in accordance with Rule 4." *Malibu Media*, *citing Bufalino*.

Preliminarily, the statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

the state where the case arises. *Wilson v. Garcia*, 417 U.S. 261, 272 (1985). In Michigan, the statute of limitations for personal injury claims is three (3) years. *See* M.C.L. § 600.5805(2). Accordingly, the statute of limitations for claims asserted under 42 USC §1983 is 3-years. *See Hirmuz v. City of Madison Heights*, 469 F.Supp.2d 466 (E.D.Mich., 2007). "Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Here, this date is, indisputably, 1/12/2018, when the incident allegedly giving rise to Plaintiffs' claims for unconstitutional entry of their residence and alleged use of excessive force occurred. The statute of limitations tolled three years later – on 1/12/2021.

Importantly, an amendment to the pleadings in order to identify John Doe Defendants by name is not permitted after the tolling of the statute of limitations. Indeed, such an amendment is not saved by the relation-back doctrine of Fed.R.Civ.P. 15(c) under well-settled law recognizing that the inclusion of a specific individual in place of a "John-Doe" party named in a pleading constitutes the addition of a new party. *See e.g. Bradfield v. City of Memphis*, 24 Fed.Appx. 307 (6th Cir., 2001) and *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *DeBois v. Pickoff*, No. 3:09CV230, 2011 WL 1233665, at *5 (S.D. Ohio Mar. 28, 2011).

10

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

To be sure, Executive Magistrate Judge Whalen summarized the applicable law regarding a plaintiff's obligation to timely identify "unknown" or "john doe" defendants in *Boyd v. City of Warren*, No. 16-12741, 2020 WL 1861986, at *2–3 (E.D. Mich. Apr. 14, 2020):[3]

> Therefore, where, as here, the proposed amendment involves the same conduct alleged in the original complaint, but "changes the party or the naming of the party against whom the claim is asserted," Rule 15(c)(1)(C) is the applicable standard. And subparagraph (ii) of that Rule requires that there has been "a mistake concerning the proper party's identity." However, the Sixth Circuit has repeatedly held that where the original complaint refers to unnamed defendants, or "John Doe" defendants, that does not constitute a mistake of identity, and a later amendment to identify those individuals serves to add new defendants, not correct a mistake. In *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), the plaintiff referred to four "unnamed police officers" in the original complaint, and sought to identify those officers after the statute of limitations had run. The Court held:
>
> > "The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.* at 240.
>
> The Court went on to state, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments

---

[3] Attached at **Exhibit 7**.

do not satisfy the 'mistaken identity' requirement of [Rule 15(c)]." *Id.* (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir. 1991) and *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)).

The Sixth Circuit has consistently followed *Cox* in a number of unpublished cases. *See Brown v. Cuyahoga Cty., Ohio*, 517 Fed. Appx. 431, 433–34 (6th Cir. 2013) (noting that the Sixth Circuit "previously held [in *Cox*] that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)"); *Moore v. Tennessee*, 267 Fed. Appx. 450, 455 (6th Cir. 2008) ("[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c). Nor are we alone in so holding—our court's precedent comports with no fewer than seven of our sister circuits.") (citation omitted) (collecting cases); *Wiggins v. Kimberly–Clark Corp.*, 641 Fed. Appx. 545, 549 (6th Cir. 2016) (lack of knowledge of a defendant's identity does not constitute a "mistake" within the meaning of the Rule 15(c)(1)(C)(ii)*); Force v. City of Memphis*, 101 F.3d 702, at *3 (6th Cir. 1996) (table) ("We have recently held that [the mistaken identity prong] is not satisfied where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers.") (citing *Cox*, 75 F.3d at 240). And numerous cases within this District have followed suit, denying relation back of amendments that for the first time name previously unidentified defendants. *See Reiner v. Canale*, 301 F. Supp. 3d 727, 737 (E.D. Mich. 2018) (citing cases).

The relevant parallel is clear, Plaintiffs missed their opportunity to identify John Doe Defendants. **See ECF 1-10**. The statute of limitations expired against these unknown and unidentified defendants on 1/12/2021 pursuant the three (3) year

12

limitation period for all claims under § 1983. The failure to amend to name and serve 'unknown' defendants by this date is dispositive.   Dismissal with prejudice is required.

Respectfully submitted,

**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

/s/ Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
Email: rbadalamenti@KirkHuthLaw.com
Attorneys for Defendants
(586) 412-4900

Dated:  December 16, 2021

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                    Case No. 2:20-cv-12354
                                                   Hon. Denise Page Hood
        Plaintiffs,                                Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

        Defendants.
_____/

KUSTRA LAW PLLC                     KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: STEVEN J. KRUSTA (P79002)        By: ROBERT S. HUTH, JR. (P42531)
Attorney for Plaintiffs                  RAECHEL M. BADALAMENTI (P64361)
724 Notre Dame St.                       ELIZABETH P. ROBERTS (P76017)
Grosse Pointe, MI  48230             Attorneys for Defendant
(313)586-4444                        19500 Hall Road, Suite 100
kustra@kustralaw.com                 Clinton Township, MI  48038
                                     (586) 412-4900      Fax: (586) 412-4949
                                     rhuth@KirkHuthLaw.com
                                     rbadalamenti@KirkHuthLaw.com
                                     eroberts@KirkHuthLaw.com
_____/

## NOTICE OF HEARING

NOW COME Defendants the Charter Township of Shelby, Shelby
Township Police Officer T. Hogan, and the John Doe Defendants (collectively
hereinafter "Defendants"), by and through their attorneys Kirk, Huth, Lange &

14

Badalamenti, PLC, and request a hearing before the Honorable Denise Page Hood

on a date and time to be set by the Court.

Respectfully submitted,

**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By:   s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
Email: rbadalamenti@KirkHuthLaw.com
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
Dated: December 16, 2021        (586) 412-4900

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                     Case No. 2:20-cv-12354
                                                    Hon. Denise Page Hood
        Plaintiffs,                                 Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

        Defendants.
_____/

KUSTRA LAW PLLC                     KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: STEVEN J. KRUSTA (P79002)       By: ROBERT S. HUTH, JR. (P42531)
Attorney for Plaintiffs                 RAECHEL M. BADALAMENTI (P64361)
724 Notre Dame St.                      ELIZABETH P. ROBERTS (P76017)
Grosse Pointe, MI  48230            Attorneys for Defendant
(313)586-4444                       19500 Hall Road, Suite 100
kustra@kustralaw.com                Clinton Township, MI  48038
                                    (586) 412-4900      Fax: (586) 412-4949
                                    rhuth@KirkHuthLaw.com
                                    rbadalamenti@KirkHuthLaw.com
                                    eroberts@KirkHuthLaw.com
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2021, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send
notification of such filing to all ECF participants in this case.

                        s/Raechel M. Badalamenti
                        RAECHEL M. BADALAMENTI (P64361)
                        rbadalamenti@KirkHuthLaw.com

16