# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC as
Personal Representative of the Estate of
PRELA DJONOVIC,

       Case No. 2:20-cv-12354
       Hon. Denise Page Hood

       Plaintiffs,
       Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1-6, in their individual capacities,
and THE CHARTER TOWNSHIP OF
SHELBY, Jointly and Severally,

       Defendants.

| | |
|---|---|
| KUSTRA LAW PLLC | KIRK, HUTH, LANGE & |
| STEVEN J. KUSTRA (P79002) | BADALAMENTI, PLC |
| Attorney for Plaintiffs | ROBERT S. HUTH, JR. (P42531) |
| 724 Notre Dame St. | RAECHEL M. BADALAMENTI |
| Grosse Pointe, MI 48230 | (P64361) |
| (313) 586-4444 | ELIZABETH P. ROBERTS (P76017) |
| kustra@kustralaw.com | Attorneys for Defendant |
| | 19500 Hall Road, Suite 100 |
| | Clinton Township, MI 48038 |
| | (586) 412-4900 Fax: (586) 412-4949 |
| | rhuth@ KirkHuthLaw.com |
| | rbadalamenti@KirkHuthLaw.com |
| | eroberts@ KirkHuthLaw.com |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS JOHN DOE DEFENDANTS

1

## **TABLE OF CONTENTS**

I.     INDEX OF AUTHORITIES .............................................................4

II.    STATEMENT OF QUESTIONS PRESENTED ...........................6

III.   COUNTER STATEMENT OF FACTS...........................................7

IV.    STANDARD OF REVIEW.............................................................11

V.     LAW AND ARGUMENT...............................................................12

**A.    Plaintiffs Should Be Allowed The Benefit Of Discovery To Properly Identify All Culpable Defendants In Accordance With Fed. R. Civ. P. 15.** .................................................................................................................

       1. The Relation Back Doctrine Saves Plaintiffs Claims

       i.     Claims Against "John Doe" Defendants Arose out of the Same Conduct or Occurrence.

       ii.    Adding the "John Doe" Defendants as Named Parties is not prejudicial because the "John Doe" Defendants Had, at a Minimum, Constructive Notice.

       iii.   Adding the "John Doe" Defendants as Named Parties is not prejudicial because it is only a technical amendment

       iv.    The "John Doe" Defendants Being Added Had Knowledge of the Potential Suit Within the Rule 4(m) Time Period

       v.     Even if Plaintiffs Fail to Establish Notice Within the 4(m) Timeframe, the Plaintiffs Can Demonstrate Good Cause

       a.     Defense Counsel's Failure to Release Discovery Requests Within The Statute of Limitations Led to Plaintiffs' Failure to Complete Service in a Timely Fashion.

       b.     Plaintiffs' Unintentional Delay In Finding New Counsel Should Not Be A Bar.

       vi.    The "John Doe" Defendants Addition To The Complaint Should Be Permitted Given That Their Failure To Be Identified Is A Mistake Borne by Defendant's Counsel

**B.     Allowing Defendants To Dismiss A §1983 Claim On Account Of The Statute Of Limitations In This Case Would Violate Plaintiffs Procedural Due Process Rights.** ...........................................................................................

VI.    CONCLUSION................................................................................29

Cases

*Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) ................................................12

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)............................................................11

*Barkovic v. Hogan*, 505 Fed. Appx. 496, 498 (6th Cir. 2012) ................................27

*Barkovic v. Twp. of Shelby*, Civil Action No. 10-CV-10962, 2010 U.S. Dist. LEXIS 44749 at *3 (E.D. Mich. May 7, 2010).................................................................13

*Benco Plastics, Inc. v. Westinghouse Elec. Corp.*, 387 F.Supp. 772, 783 (6th Cir. 1974) .......................................................................................................................19

*Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) ........................................17

*Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 895 (1961)..............................................................................................24

*Celotex Corp v. Carrett*, 477 U.S. 317, 322 (1986).................................................11

*Durand v. Hanover Ins. Group, Inc.,* 806 F.3d 367, 374-75 (6th Cir. 2015) ..........16

*Eakins v. Reed*, 710 F.2d 184, 187-8 (4th Cir. 1983) ..............................................17

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)..............13

*Garcia v. Federal Nat. Mortg. Ass'n.,* 782 F.3d 736, 740-41 (6th Cir. 2015) ........24

*Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994) .............................21

*Ham v. Sterling Emergency Services of the Midwest, Inc.,* 575 Fed.Appx. 610, 617-618 (6th Cir. 2014).................................................................................................18

*Howard v. Gringe,* 82 F.3d 1343, 1350 (6th Cir. 1996) ...........................................24

*Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988)...............................................11

*Kirk v. Cronvich*, 629 F.2d 404, 407-8 (5th Cir. 1980) ...........................................17

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, (2010) ......................... 14, 23

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). ...........................................................................................................................12

Rule 15(c)..................................................................................................................14

Rule 15(c)(3).............................................................................................................17

*Sensations Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-6 (6th Cir. 2008) ......11

*Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977)......................17

Statutes

42 USC §1983 ................................................................................................ 18, 25, 26

MCL 15.321 *et seq.*.....................................................................................................8

Rules

"Fed. R. Civ. P. 15(c)(1)( .................................................................................. 15, 16

Fed. R. Civ. P. 12(b)(6)............................................................................................11

Fed. R. Civ. P. 12(c)....................................................................................11

Fed. R. Civ. P. 15........................................................................................9

Fed. R. Civ. P. 15(a)..................................................................................13

Fed. R. Civ. P. 15(a)(2)..............................................................................13

Fed. R. Civ. P. 15(c)(1)..............................................................................15

Fed. R. Civ. P. 15(c)(1)(B).........................................................................16

Fed. R. Civ. P. 15(c)(1)(C).........................................................................16

Fed. R. Civ. P. 56(c)...................................................................................11

Fed. R. Civ. P. 12(b)(6)..............................................................................11

Rule 1.4(a)(4).............................................................................................22

Fed. R. Civ. P. 15(c)(1)(A).........................................................................15

Fed. R. Civ. P. 15(c)(1)(C)(ii).....................................................................23

Fed. R. Civ. P. 4(m) ........................................................................ 16, 21, 23

## II. STATEMENT OF QUESTIONS PRESENTED

A. Under Fed. R. Civ. P. 4 and 15, can the John Doe Defendants still be served when the Statute of Limitations had run before an amended complaint identifying and naming the John Doe Defendants was filed and served upon them?

**Defendants Answer: No.**

**Plaintiffs Answer: Yes.**

NOW COME Plaintiffs John Kelmendi ("Kelmendi"), Tom Djonovic, Personal Representative of the Estate of Prela Djonovic ("Djonovic"), (collectively hereinafter "Plaintiffs"), by and through their attorney KUSTRA LAW PLLC, and for their Response to Defendants' Motion to Dismiss John Doe Defendants , states as follows:

### III. COUNTER STATEMENT OF FACTS

This case is brought by Plaintiffs due to the brutal, blatant, and malicious violations of Plaintiffs rights perpetrated by Officer Hogan, certain John Doe Defendants and the Charter Township of Shelby, Michigan. Plaintiffs were the victims of a brutal and illegal incursion into their long-time home by Officers of the Shelby Township police officers.  When the incident was over, Plaintiff Kelmendi and his father Prela Djonovic were beaten and severely injured.  Prela Djonovic eventually died from complications from the incident.

The incident in question occurred on January 12, 2018, in Shelby Township Michigan. Where Officer Hogan, and the John Doe Defendants conducted an unlawful search and seizure of Plaintiffs' residence and used excessive force against Plaintiffs. Prela Djonovic was an 89 year old man at the time of the incident, and Kelmendi was 64 years old. The incident left lasting injuries for Kelmendi  and which hastened the death of Prela Djonovic on January 9, 2019.

Seeking redress for their injuries Plaintiffs sought the assistance of counsel, only months after the incident, in April 2018. Plaintiffs' prior counsel sought information on the incident from the Shelby Township Police Department via a Freedom of Information Act request, MCL 15.321 *et seq*. The information sought was broad ranged and included the police report of the incident. The request went unanswered. Over the course of the years following, Shelby Township had attempted to subvert efforts by Plaintiffs to seek out information regarding the incident to allow for Plaintiffs to file the appropriate action in court.

After years of waiting for information, dealing with their injuries, and after the death of Prela Djonivic, the Plaintiffs decided to move forward with the claims against Defendants without the information and filed the original Complaint on August 8, 2020 (ECF 1). The original Complaint named only Defendant Hogan. Defense counsel appeared on behalf of Hogan and filed an Answer to the Complaint and Reliance on Jury demand, and affirmative Defenses on October 9, 2020.

On October 30, 2020, Plaintiffs filed their First Amended Complaint (ECF 8). At that time Summonses were issued for Shelby Township and the John Doe Defendants. The John Doe Defendants were so named because Shelby Township failed to provide Plaintiffs with the police report necessary to identify the John Doe Defendants.  Plaintiffs' Amended Complaint asserts claims of unlawful search and seizure and the use of excessive force against Plaintiffs by Shelby Township police

officer T. Hogan and unknown John Doe Defendants, arising from the incident on January 12, 2018, and a *Monell* claim for municipal liability against the Charter Township of Shelby. (ECF 8).

Defendants filed their Answer, Reliance on Jury Demand and Affirmative Defenses on November 27, 2020 (ECF 10). Defense counsel appeared on behalf of all Defendants including the John Does. The Answer, Reliance on Jury Demand, and the Affirmative Defenses were all filed by Defense counsel on behalf of all Defendants, including the John Does. It appears at this point the only people unaware of the John Doe Defendants were Plaintiffs.

On January 4, 2020, the Parties submitted their Joint Discovery Plan, wherein Plaintiffs anticipated amending the Complaint to name the John Doe Defendants as they became known, and if necessary to add additional parties or claims to the specific actions of each Defendant as they became known through the course of discovery. Plaintiffs reserved the right to amend their pleadings and bring additional claims and or parties that will relate back to Plaintiffs' originally filed Complaint in the matter as permitted under Fed. R. Civ. P. 15 (ECF 12).

The Court held an initial Scheduling Conference on January 11, 2021, with the Parties.  At this time Defendants had not produced the names of the John Doe Defendants or the necessary police reports needed for identification of the John Doe, Defendants. It is believed that this information was requested of by Plaintiffs after

the filing of the initial Complaint and was surely requested by way of FOIA more than two years prior by Plaintiffs' counsel.

On January 15, 2021, three days after the three-year anniversary of the incident, Counsel for Defendants provided the police report and the information needed to identify the John doe Defendants. These names were also identified in the Initial Disclosures by all Defendants served on January 25, 2021.

In April 2021, Plaintiffs prior counsel withdrew from the case without amending the claims or naming the John Doe Defendants. A draft complaint was apparently circulated, and the Plaintiffs were left with the impression that Plaintiff's prior counsel had filed the amendment and the John Does were identified. Plaintiffs took approximately two months to find new counsel to assist them in their case. Current counsel filed an Appearance and began the long process of reviewing volumes of documents and understanding the particulars of the case. The Parties have stipulated to an extension of discovery. The Parties have engaged in initial discovery exchanges and are preparing for depositions. Defendants now present the instant Motion attempting to thwart discovery and have the John Does dismissed. If successful, that will severely prejudice Plaintiffs and their ability to seek redress for the egregious violations of their rights perpetrated by Defendants.

## IV. STANDARD OF REVIEW

10

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(c), the motion is treated in the same manner as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See e.g., *Sensations Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-6 (6th Cir. 2008). Under Fed. R. Civ. Pro. 12(b)(6), to survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. Dismissals of complaints under the civil rights statutes are scrutinized with special care. *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988) (quoting *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1982), quoting *Westlake v. Lucas*, 537 F.2d 857, 858-59 (6th Cir. 1988)).

Under Fed. R. Civ. P. Rule 56(c) of the, summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, e.g. *Celotex Corp v. Carrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346

11

(6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, (1986)). The evidence, all facts, and any inferences that may be permissibly drawn from the facts must be viewed in the light most favorable to the non-moving party, here Plaintiff. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## V. ARGUMENT

Defendants' Motion should be denied by this Court, Plaintiffs' should be granted leave to amend its Complaint at the close of discovery, because of the nature of the incident and the inability for Plaintiffs to ascertain all potential Defendants. Plaintiffs' claims are saved by the relation back doctrine which tolls the statute of limitations.

Additionally, the need for fundamental justice requires that despite the passing of the statute of limitations, the Court allow Plaintiffs to name the John Doe Defendants through the course of discovery because of the nature of the claims, the gravity of the conduct of the Defendant in depriving Plaintiffs of their rights. This Court must therefore deny Defendants' Motion and allow Plaintiffs to conduct discovery and amend their Complaint to identify all culpable Defendants discovered in this case, despite the statute of limitations.

## A. Plaintiffs Should Be Allowed The Benefit Of Discovery To Properly Identify All Culpable Defendants In Accordance With Fed. R. Civ. P. 15.

Under Fed. R. Civ. P. 15(a)(2), amendments to pleadings before trial are permitted by consent or by leave of court, and "the court should freely give leave when justice so requires." *Barkovic v. Twp. of Shelby*, Civil Action No. 10-CV-10962, 2010 U.S. Dist. LEXIS 44749 at *3 (E.D. Mich. May 7, 2010). A court should only deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the [nonmoving party,] ... [or] futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted).

Under the principles of Fed. R. Civ. P. 15(a), Plaintiffs should be allowed to amend their Complaint to name John Doe Defendants through discovery and this Court should grant this leave freely.[1] Under the circumstances of the present case Plaintiffs have suffered severe life-long injury by the hands of the Defendants and should be given the opportunity of redress under the law.

### 1. <u>The Relation Back Doctrine Saves Plaintiffs Claims</u>

---

[1] Officer Hogan in a previous §1983 case, where he was a defendant, was the direct beneficiary such relief in his last §1983 case. In that case, the Hon. Judge Bernard Friedman granted Hogan's motion to file an amended response pleading to include a verified complaint. *Barkovic*, 2010 U.S. Dist. LEXIS 44749 at *5.

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, (2010).[2] Under Fed. R. Civ. P.

---

[2] Defendants rely on pre-Krupski decisions that cannot be followed after the Supreme Court's clarification of Rule 15(c) in *Krupski*. The court in *White v. City of Chi.*, ultimately found that reasons for applying *Krupski* to the John Doe context "is more compelling than the analysis in those district court cases that have upheld the John Doe rule. No. 14 cv 3720, 2016 U.S. Dist. LEXIS 107438 at *56 (N.D. Ill. Aug. 15, 2016). It is true that the Sixth Circuit showed support for maintaining the traditional John Doe rule in the unpublished case of *Smith v. City of Akron*, but many courts across the country have since found good reason for applying *Krupski* to John Doe defendants. 476 F. App'x 67 (6th Cir. 2012). *White* canvassed a number of cases where district courts have noted that *Krupski* marked a "doctrinal change in the law of relation back, even applied in the John Doe context. *White,* 2016 U.S. Dist. LEXIS 107438 at *56. *See, e.g., Brown*, 2013 U.S. Dist. LEXIS 102067, 2013 WL 3812093, at *6 ("*Krupski* supports that inadequate knowledge and lack of full information regarding a defendant's identity satisfies the mistake requirement for Rule 15(c)(1)(C)."); *Solivan v. Dart*, 897 F. Supp. 2d 694, 701 (N.D. Ill. 2012) (declining to apply the John Doe rule to a *pro se* litigant's claims against unnamed correctional officers because "more recent law [citing *Krupski*] dictates that the focus of Rule 15(c)(1)(C) is on the defendant rather than the plaintiff"); *Elliot v. Price*, 2011 U.S. Dist. LEXIS 86781, 2011 WL 3439240, at *5-6 (S.D. Ill. Aug. 5, 2011) (explaining that *Krupski* "sheds fresh light on how [Rule 15(c)] should be applied," and deciding whether relation back should be permitted in John Doe case not based on the old "lack of information is not a mistake" rule, but on an examination of whether the newly added sheriff's deputies who the plaintiff sought to "add[] via Rule 15(c) amendment in place of the 'Unidentified Officers' knew or should have known that . . . [the plaintiff] would have sued them instead of or in addition to the other named Defendants"); *Smetzer v. Newton*, 2010 U.S. Dist. LEXIS 83091, 2010 WL 3219135, at *10 (N.D. Ind. Aug. 13, 2010) (denying motion to dismiss John Doe defendants despite circuit law holding that lack of knowledge is not a mistake for

15(c)(1) an amendment to a pleading relates back to the date of the original pleading

when:

> (A) The law that provides the applicable statute of limitations allows relation back;
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) The amendment changes the party or the naming of the party against who a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i)     Received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) Knew or should have known that the action would been brought
> Rule 15(c) provides two different ways in which an amended complaint can relate

back to the original. *First*, Rule 15(c)(1)(A) allows for relation back "when the law

that provides the applicable statute of limitations," in this case, Michigan law,

---

purposes of Rule 15(c)(1)(C) because *Krupski* "refocuses the question away from whether [the plaintiff] knew or should have known the identity of [the newly named defendant] as the proper defendant, to whether [the newly named defendant] knew or should have known [during the Rule 4(m) period] that it would have been named as a defendant but for an error") (internal quotation marks and citation omitted); *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186 (3d Cir. 2001) (reasoning that if such plaintiffs are not allowed to relate back their amended "John Doe" complaints, then the statute of limitations period for these plaintiffs is effectively substantially shorter than it is for other plaintiffs who know the names of their assailants).

"allows relation back." *See Krupski v. Costa Crociere S.P.A.,* 560 U.S. 538, 547, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010).

*Second*, Fed. R. Civ. P. Rule 15(c)(1)(C) allows for relation back when the following requirements are met: (1) the claim "arose out of the same conduct, transaction or occurrence set out — or attempted to be set out — in the original pleading"; (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; (3) the party being added received such notice within the time period of Rule 4(m), 120 days; and (4) the party being added "knew or should have known [within the Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id*.

### i. Claims Against "John Doe" Defendants Arose out of the Same Conduct or Occurrence.

Under Fed. R. Civ. P. 15(c)(1)(B) the Sixth Circuit has established that a claim arises from the same "conduct, transaction, or occurrence" if "there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong." *Durand v. Hanover Ins. Group, Inc.,* 806 F.3d 367, 374-75 (6th Cir. 2015) (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000)).

The John Doe Defendants were at the scene of the incident and participated in the unlawful search and seizure and excessive use of force. There is no doubt that

they and potentially others who may be made known through discovery are essential to Plaintiffs' claims and are liable to Plaintiffs for their injuries. Although it is not completely conclusive Defense counsel on January 15, 2021, three days passed the three-year mark of the incident, produced the long awaited police report to prior counsel.  This police report identified who are known to be the John Doe Defendants. Plaintiffs should be granted leave to substitute the actual participating Shelby Township Police Officers indicated in the police report for the John Doe Defendants.

> ii.   **Adding the John Doe Defendants as Named Parties is not prejudicial because the John Doe Defendants Had, at a Minimum, Constructive Notice.**

Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. See *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where he worked and an "unknown employee" as a defendant, which he knew referred to him); see also *Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) (notice need not be formal); *Eakins v. Reed*, 710 F.2d 184, 187-8 (4th Cir. 1983) (same); *Kirk v. Cronvich*, 629 F.2d 404, 407-8 (5th Cir. 1980) (same).

17

Constructive notice is a notice presumed by law to have been acquired by a person and thus imputed to that person. Black's Law Dictionary (11th ed. 2019). Factors relevant to whether a defendant received constructive notice "include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant. *Ham v. Sterling Emergency Services of the Midwest, Inc.,* 575 Fed.Appx. 610, 617-618 (6th Cir. 2014) (citing *Force v. City of Memphis,* 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. 1996)).

Applying the Court's holding in *Ham*, it is clear that the John Doe Defendants had constructive notice of Plaintiff's claims against them. *Firstly*, the John Doe Defendants are all Shelby Township Police officers, Shelby Township is a named Defendant and were participants with Defendant Hogan in the incident which deprived Plaintiffs of their rights. *Secondly*, the John Doe Defendants' attorney of record for the purposes of this litigation has remained and continues to be the same as the named Defendants. Additionally, Defendants answered the Plaintiffs' amended complaint to include representation of the John Doe Defendants. *Lastly*, given the nature of Plaintiffs' §1983 claims and the circumstances surrounding it, it is reasonable to believe that every police officer at the scene that day would have come to know of the instant litigation and constructive notice of Plaintiffs' allegations against them.

### i. Adding the John Doe Defendants as Named Parties is not prejudicial because it is only a technical amendment

The Sixth Circuit's opinion in *Benco Plastics, Inc.* articulates that the paramount question to determining if a plaintiff should be allowed to amend their original complaint is whether the allowance of relation back would work an injustice on the parties. *Benco Plastics, Inc. v. Westinghouse Elec. Corp.*, 387 F.Supp. 772, 783 (6th Cir. 1974). A technical amendment to a Plaintiff's complaint does not create an injustice on the parties.

Contrary to Defendant's argument that failing to name John Doe defendants does not constitute a mistake of identity, Plaintiffs' failure to identify these Defendants would not impose an injustice on these parties. As per Defendants' motion ECF No. 26, there were multiple Shelby Township Officers at the 24 Mile Road home on the evening of January 12, 2018. In this circumstance, the failure to identify these officers would only serve to prejudice Plaintiffs' claims.

In light of the Supreme Court's holding in *Krupski*, this court should also inquire as to whether dismissal in favor of Defendants would "be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Krupski,* 560 U.S. at 550. The Supreme Court in *Krupski* cited the Webster's Third New International Dictionary definition of a mistake to include "inadequate knowledge and inattention." *Id*. at 549. Since *Krupski*, many other

19

courts have found the *Krupski* interpretation of Rule 15(c) supports the notion that a lack of knowledge concerning a defendant's identify can constitute a mistake under Rule 15(c).[3]

### ii. The John Doe Defendants Being Added Had Knowledge of the Potential Suit Within the Rule 4(m) Time Period

Under Fed. R. Civ. P. Rule 4(m) if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period.

Plaintiffs contend, as discussed above, that John Doe Defendants were aware of the allegations against them, they participated in the incident, and atleast through constructive notice, within the 4(m) parameters.

On August 8, 2020, Plaintiffs filed their original Complaint and served a Summons for Officer Hogan. Plaintiffs filed an Amended Complaint on October 30,

---

[3] See *Williams v. City of Chicago*, No. 14 C 6959, 2017 WL 1545772, at *2–3 (N.D. Ill. Apr. 28, 2017); *Klinger v. City of Chicago*, No. 1:15-CV-1609, 2017 WL 736895, at *5–6 (N.D. Ill. Feb. 24, 2017); *Smith v. City of New York*, 1 F. Supp. 3d. 114, 121 (S.D.N.Y. 2013); *Brown v. Deleon*, No. 11 C 6292, 2013 WL 3812093, at *6 (N.D. Ill. July 18, 2013); *Solivan v. Dart*, 897 F. Supp. 2d 694, 701 (N.D. Ill. 2012); *Abdell v. City of New York*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010) ("After *Krupski*, it is clear that a 'mistake concerning the proper party's identity' under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party." (quoting FED. R. CIV. P. 15(c)(1)(C)(ii))).

2020, to include Shelby Township and the John Doe Defendants. Defendants have never disputed that multiple officers participated in the incident on the night of January 12, 2018. These pleadings served as notice to the other unidentified officers who participated in the incident, "John Doe" Defendants, were potential Defendants in this case.

### (i)   Even if Plaintiffs Fail to Establish Notice Within the 4(m) Timeframe, the Plaintiffs Can Demonstrate Good Cause

Plaintiff bears the burden to establish good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994).  Good cause necessitates a demonstration of why service was not made within the time constraints where the determination of good cause is left to the discretion of the district court. *Id*. Despite Fed. R. Civ. P. Rule 4(m) not defining what constitutes good cause, the Eighth Circuit has stated that a showing of good cause requires at least "excusable neglect" – good faith and some reasonable basis for noncompliance with the rules. *Kurka v. Iowa County, Iowa,* 628 F.3d 953, 957 (8th Cir. 2010). Good cause is likely (but not always) to be found when (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically a process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis. *Id*. The Plaintiff alleges that they can demonstrate good cause on under both (1) and (3).

**(a) Defense Counsel's Withholding of Vital Information Within The Statute of Limitations Led to Plaintiffs' Failure to Complete Service in a Timely Fashion.**

Under Rule 1.4(a)(4) of the ABA Model Rules of Professional Conduct, it states that a lawyer shall promptly comply with reasonable requests for information. Comment 7 of Rule 1.4 explicitly provides that **<u>a lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person.</u>**

The Defendants assume incorrectly that their compliance with both the Joint Discovery Plan (ECF 12) of January 4, 2021 and Scheduling Order (ECF 13) of January 11, 2021 satisfies prompt and reasonable notice to Plaintiffs. Defendants only complied with the police report identifying the John Doe Defendants three (3) days after the 3-year statute of limitations had expired.

However, Plaintiffs have issued FOIA requests related to their §1983 claims to receive the police report identifying the officers since April 30, 2018. **Exhibit 1**. Plaintiffs never received a response to their FOIA request nor the police report prior to January 15, 2021. Defendants' counsel had an obligation to disclose the police report either through Plaintiffs' FOIA request or at the time of the case management conference.

Plaintiffs contend that Defendants' counsel has violated Rule 1.4(a) by failing to comply with Plaintiffs' reasonable requests with information and withholding

information to serve their client's own interest to the detriment of Plaintiffs, who were subject to a deprivation of rights by their clients.

**(B) Plaintiffs' Unintentional Delay In Finding New Counsel Should Not Be A Bar.**

Defendants, by their own admission, admit that Plaintiffs were having difficulty in finding new counsel. Defendants express this in the instant Motion which states "Indeed, Defense Counsel had conversation with one such attorney to this effect (relating to Plaintiffs' inability to appoint counsel) – while Defense Counsel was trying to get a handle on whom to serve with discovery and witness lists…prior Counsel had not formally withdrawn but was refusing service and failing to authorize counsel for Defendants to directly serve his clients." These factors should weigh towards recognizing Plaintiffs' conduct as "excusable neglect" with a reasonable, good-cause standard.

**i.  The Failure To Be Identified Is A Mistake Borne by Defendant And The John Does Should Be Named.**

Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing [their] original complaint. *Krupski v. Costa Crociere S.P.A.,* 560 U.S. 538, 548 (2010).  That a plaintiff knows of a party's existence does not preclude [them] from making a mistake with respect to that party's identity. *Ibid.* at 549.

**A.** **Allowing Defendants To Dismiss A §1983 Claim Against The Now Identifiable John Doe Defendants On Account Of The Statute Of Limitations In This Case Would Violate Plaintiffs Procedural Due Process Rights.**

The requirement for "due process of law" functions somewhat like equity to require procedural fairness and to prohibit the state from conducting unfair or arbitrary proceedings. *Garcia v. Federal Nat. Mortg. Ass'n.,* 782 F.3d 736, 740-41 (6th Cir. 2015). "Procedural due process" at its core requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Id. At 741. Accordingly, the Due Process Clause is flexible and calls for such procedural protections as the particular situation demands. *Id*. A consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action. *Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 895 (1961). The extent to which procedural due process rights must be afforded the plaintiff is influenced by the extent to which he may suffer loss and depends upon his interest in avoiding that loss outweighs the governmental interest in summary adjudication. *Garcia*, at 741. The failure to provide due process, where the government is constitutionally required to do so, is in itself an arbitrary and unfair use of official power. *Howard v. Gringe,* 82 F.3d 1343, 1350 (6th Cir. 1996).

Plaintiffs contend that any decision to bar their claim in this action under 42 USC §1983, due to the statute of limitations, would violate their procedural due process rights in being afforded an opportunity to be heard. Throughout this litigation, Defendants have taken a proactive approach to thwarting Plaintiffs' attempts to identify the "John Doe" police officers, as evidenced in their refusal to reply to Plaintiffs' FOIA requests (Plaintiff's Exhibit 1). Barring Plaintiffs claim, at this juncture, would only serve to impose an additional deprivation of their constitutional rights.

The principles of justice, specifically Plaintiffs procedural due process rights, demand that this Court be flexible to allowing Plaintiffs the ability to amend their complaint.

Unfortunately, our contemporary times have shown that 42 USC §1983 is an essential tool for securing the Constitutionally protected rights of all Americans. The Shelby Township Police Department is a textbook example of the continuing need for the protections of §1983. In response to countless Americans exercising their First Amendment rights to denounce the police killing of George Floyd in Minneapolis, Minnesota on May 25, 2020, the Chief of the Shelby Township Police was so enraged by "wild savages" exercising their constitutional rights that he said

"I wish to God I would have been there. Body Bags for these vicious subhumans."[4] The police chief said that he wanted to "unleash real cops and let them take care of these barbarians."[5] This is the culture in the Shelby Township Police Department. The John Doe Defendants are the "real cops" the Chief was referring to.

Defendant Officer Terrance Hogan is one of Shelby Townships real cops and is hardly a stranger to 42 USC §1983 claims. In fact, this case is at least the third time, that Plaintiff's counsel is aware of, that Officer Hogan has been brought before the courts on allegations of violating the Constitutional rights of Americans. The first case brought against him as a member of the Detroit Police Department in 1995 was ultimately dismissed after Plaintiff's dismissed the §1983 claims the remaining state law claims of assault and battery (Count II) and claim under MCL §691.1407 (Count III) were remanded to Wayne County Circuit Court. In Defendant Officer Hogan's most recent §1983 he assaulted an "outspoken critic of police conduct" and pushed the victim into a door frame of the Shelby Township courthouse after the victim sparked Defendant Officer Hogan's rage by telling a different police officer

---

[4] Fox 2 Detroit, *Detroit's Craig excoriates Shelby Township police chief, says he should be fired for inflammatory posts*, (January 7, 2022) https://www.fox2detroit.com/news/detroits-craig-excoriates-shelby-township-police-chief-says-he-should-be-fired-for-inflammatory-posts

[5] *Id*.

"Move lurch" while walking down courthouse's hallway. *Barkovic v. Hogan*, 505 Fed. Appx. 496, 498 (6th Cir. 2012).

## VI. Conclusion

Plaintiff have a right to due process and a right to redress of the civil rights violations perpetuated on them by the Shelby Township Police. As such, they must be able to name all of the Defendants through the course of discovery including the John Doe Defendants.

**WHEREFORE**, Defendants motion must be denied and Plaintiffs must be allowed to amend their complaint.

Respectfully submitted,

**KUSTRA LAW PLLC**

By: *Steven Kustra*

STEVEN J. KUSTRA (P79002)
Attorney for Plaintiffs
724 Notre Dame St.
Grosse Pointe, MI 48230
(313) 586-4444
Dated: January 7, 2022           kustra@kustralaw.com

27