UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,

    Plaintiffs,

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

    Defendants.

Case No. 2:20-cv-12354
Hon. Denise Page Hood
Mag. Judge R. Steven Whalen

_____/

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS JOHN DOE DEFENDANTS (ECF 26)

NOW COME Defendants, by and through their attorneys, Kirk, Huth, Lange & Badalamenti, PLC, and for the Reply in Support of their Motion to Dismiss John Doe Defendants (**ECF 26**), states as follows:

Plaintiffs' Response, at **ECF 29, PgID 228**, includes string citation to *out-of-circuit, unpublished, district court cases* that do not affect the law of *this Circuit*. In this regard, Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for

1

> serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, **but for a mistake concerning the proper party's identity**.

However, the inclusion of a specific individual in place of a "John-Doe" party named in a pleading constitutes the addition of a new party, not "a mistake concerning the proper party's identity". *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). This rule remains the law in the Sixth Circuit, unaltered by *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538 (2010). Indeed, post-*Krupski* decisions (several cited in the Motion at **ECF 26**), make clear that an amendment to identify John Does is not saved by the relation-back doctrine. *Smith v. City of Akron*, 476 Fed.Appx. 67, 69 (6th Cir.2012); *Brown v. Cuyahoga Cty., Ohio*, 517 Fed. Appx. 431, 433–34 (6th Cir. 2013) ("This Court recently upheld the viability of *Cox* in light of *Krupski*…Though this court has not spoken authoritatively on the issue since *Krupski*,…we have recognized the continued vitality of *Cox* in an unpublished opinion…We do the same for the purpose of this appeal."); *Wiggins v. Kimberly–Clark Corp.*, 641 Fed. Appx. 545, 549 (6th Cir. 2016)*; Boyd v. City of Warren*, No. 16-12741, 2020 WL 1861986, at *2–3 (E.D. Mich. Apr. 14, 2020). This Honorable Court (Hon. Denise Page Hood) acknowledged, post-*Krupski,* in denying as futile a Motion to amend the complaint after the statute of limitations

2

lapsed that "a complete lack of knowledge as to the identity of a defendant–a suit against a Doe defendant, for example–is not equivalent to a "mistake" concerning the identity of the actual defendant's identity within the meaning of Rule 15(c)." *Roberson v. Torres*, No. 09-12927, 2015 WL 5936306, at *2 (E.D. Mich. Oct. 13, 2015). By allowing the limitations period to lapse, Plaintiffs missed the opportunity to amend the Complaint to identify John Does.

In hopes of avoiding their dismissal, Plaintiffs' Response asserts that "Defense Counsel's failure to release discovery requests within the statute of limitations led to Plaintiffs' failure to complete service in a timely fashion". In support, Plaintiffs' Response falsely asserts that the Freedom of Information Act (FOIA) Request at **ECF 29-1** sought "broad ranged" information, including the police report from the incident that is the subject of this case. **ECF 29, PgID222**. Plaintiffs' Response boldly asserts that Defense Counsel violated the Rules of Professional Conduct by withholding the police report. **ECF 29, PgID 236**. In fact, the FOIA Request at **ECF 29-1**, *which was not directed to Defense Counsel*, only requested documentation "*pertaining to Mr. John Kelmendi's arrest,* on or about January 12, 2018". But, Kelmendi was not arrested on January 12, 2018; the

3

FOIA request did not require disclosure of the police report; and no documentation responsive to *that* request exists.[1]

In reality, as set forth in Defendants' Motion at **ECF 26**, there was no request for production of the police report during litigation until an *informal* request was made January 14, 2021 (two days after the limitations lapsed). Without any obligation to produce the same, where Initial Disclosures were not due until January 25, 2021 (**ECF 13**), Defense Counsel produced the police report to Plaintiffs' prior counsel within 24 hours of the request. **ECF 26-7.** Since that time, even after prior Plaintiffs' Counsel's receipt of correspondence at **ECF 26-2** and current Plaintiffs' Counsel's receipt of correspondence at **ECF 26-4**[2], <u>Plaintiffs delayed</u>. No motion to amend the Complaint to identify John Does has been filed to-date despite that the police report was produced *in litigation* one year ago.

---

[1] Even had this FOIA request sought production of the police report, this would not have been enough to save Plaintiffs' claims against John Doe Officers where Plaintiff did nothing in the interim to identify John Doe Defendants. See *Price v. Wilson*, No. 19-12874, 2021 WL 5204923, at *7 (E.D. Mich. Nov. 9, 2021) (equitable tolling was not warranted given Plaintiff's lack of diligence where a FOIA request was denied "more than a year before the limitations period expired, Plaintiff and his counsel knew they would need to determine the identity of the agents in another manner. Yet they took no other action before filing suit on October 1, 2019 – just 18 days before the limitations period would expire. After filing suit on October 1, 2019, Plaintiff could have promptly filed a motion seeking early discovery to ascertain the identities of the agents but did not do so.")

[2] Plaintiffs' response at **ECF 29, PgID 224** admits that Plaintiffs' prior counsel withdrew from the case without amending the claims or naming the John Doe Defendants. Plaintiffs suggest that a draft complaint was "apparently circulated, and the Plaintiffs were left with the impression that Plaintiffs' prior counsel had filed the amendment and the John Does were identified." While this sentence was artfully crafted, a draft complaint identifying John Does was never circulated *to Defendants or their Counsel.* Plaintiffs' Response continues that "…Current counsel… began the long process of reviewing volumes of documents and understanding the particulars of the case" as though to justify Plaintiffs' complete failure to seek leave to amend the complaint. But, Plaintiffs were represented by Counsel when the Statute of Limitations passed, for months prior and for 4 months after. Current Counsel was, upon appearing, sent the correspondence at **ECF 26-4** putting him on notice that the statute of limitations lapsed without identification of John Does. This fact could have been easily confirmed on review of the docket history available via the Court's ECF/PACER website. *Still, despite having the police report from this incident and the passage of time, Plaintiffs have not sought leave to amend their Complaint and name John Does.*

4

What's more, is that Plaintiffs had the police report from this incident. While a request for this report was not *directed to Defense Counsel during litigation* until after the statute of limitations lapsed, Kelmendi had submitted the FOIA request at **Exhibit 1** *to Shelby Township, pre-suit,* on September 23, 2019.[3] *That FOIA request sought production of the police report dated January 12, 2018.* On September 26, 2019, <u>Shelby Township timely responded to that FOIA Request by producing the police report (</u>**See Exhibit 1**<u>) – nearly a year before the original complaint was filed in this case in August 2020 (</u>**ECF 1**<u>) and long before the Statute of Limitations lapsed on January 12, 2021</u>. There is no mistake; there is no relation back; there is just inexcusable and undue delay in failing to identify John Does prior to the statute of limitations lapsing.

Finally, even though it is not enough to save claims against the John Does in light of the application of *Cox*, post-*Krupski*, there was neither actual nor constructive notice to the John Doe Defendants that they should be named Defendants in this lawsuit. The original Complaint was filed against and served on Officer Hogan only. Defense Counsel appeared on his behalf. **ECF 1-6**. Then, the First Amended Complaint newly naming Shelby Township as a Defendant, in addition to six unidentified John Doe Officers, was filed. **ECF 8.** Corresponding summonses issued. **ECF 9.** There is no certificate of service in the docket history

---

[3] Defense Counsel rediscovered this request and the Township's response thereto in reviewing materials that were saved in her files respecting *Kelmendi v. Walsh*, et. al., United States District Court for the Eastern District of Michigan Case No. 2:17-cv-12325-GCS-RSW, for purposes of this Reply.

to establish that any pleadings were served on Shelby Township or any of its officers, excepting Officer Hogan[4]. Defense Counsel appeared and filed responsive pleadings. **ECF 10**. <u>*The identity of those John Does is still unknown*</u>. Indeed, the First Amended Complaint at **ECF 8** includes six John Doe Officers as Defendants, asserts that they are all Shelby Township Officers who entered a residence and engaged in a physical altercation with Prela Djonovic. However, the police report establishes that less than six officers entered a residence (with consent) and bears no mention of anyone engaging with Prela Djonovic. Where Plaintiffs had this police report at the time they filed their pleadings, it is unthinkable that any officer identified in the police report should have known they were meant to be named. Rather, the opposite conclusion is more likely: the identity of responding officers was known to Plaintiffs at that time they filed their Complaint, but did not name the responding officers, and must not have intended to. This is especially so in light of well-settled precedent governing in the 42 USC 1983 context, making clear that "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Beyond this, it is substantially prejudicial to allow an amendment naming John Does after the statute of limitations lapsed, let alone to allow an amendment

---

[4] The undersigned counsel appeared in this case under facts similar to those in *Ham v. Sterling Emergency Servs. of the Midwest, Inc*., 575 F. App'x 610, 617–18 (6th Cir. 2014) (where malpractice insurer hired the same counsel for the newly identified/propose defendant as the original defendant, knowledge of the lawsuit cannot be imputed to John Doe Defendants based on an allegation of shared representation).

6

naming these John Does *after the close of the discovery* -- like Plaintiffs' Response requests at **ECF 29, PgID 226**. Statutes of limitations "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Robinson v. Central Brass Mfg. Co.,* 987 F.2d 1235, 1243 (6th Cir.1993). They serve as an end to the time a defendant can expect to be sued.

Undue delay, lack of notice, failure to name John Does in the original or first amended complaint (**ECF 1 and 8**), undue prejudice, futility of an amendment which cannot survive a motion to dismiss based on the statute of limitations and the bad faith assertions in the response at **ECF 29** require dismissal of the John Does, not amendment. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). A Motion for Rule 11 Sanctions will be served given the frivolity of the Response at **ECF 29** and the knowingly false accusations therein.

**WHEREFORE,** Defendants request this Honorable Court to enter an Order (A) Granting their Motion (ECF 26); (B) Dismissing all claims against the John Doe Defendants with prejudice; and (C) Granting such other relief as may be appropriate.

|  | Respectfully submitted,<br>**KIRK, HUTH, LANGE & BADALAMENTI**, PLC<br>/s/ Raechel M. Badalamenti<br>RAECHEL M. BADALAMENTI (P64361)<br>Email: rbadalamenti@KirkHuthLaw.com |
|---|---|
| Dated: January 14, 2022 | Attorneys for Defendants |

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants in this case.

                                          s/Raechel M. Badalamenti
                                        RAECHEL M. BADALAMENTI (P64361)
                                        rbadalamenti@KirkHuthLaw.com

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.