UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                   Case No. 2:20-cv-12354
                                                  Hon. Denise Page Hood
          Plaintiffs,                             Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

          Defendants.

| | |
|---|---|
| KUSTRA LAW PLLC<br>By: STEVEN J. KUSTRA (P79002)<br>Attorney for Plaintiffs<br>724 Notre Dame St.<br>Grosse Pointe, MI 48230<br>(313) 586-4444<br>kustra@kustralaw.com | KIRK, HUTH, LANGE &<br>BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>    RAECHEL M. BADALAMENTI<br>    (P64361)<br>    ELIZABETH P. ROBERTS<br>    (P76017)<br>Attorneys for Defendant<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900 Fax: (586) 412-4949<br>rhuth@ KirkHuthLaw.com<br>rbadalamenti@KirkHuthLaw.com<br>eroberts@ KirkHuthLaw.com |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**

**MOTION FOR RULE 11 SANCTIONS**

NOW COME Plaintiffs John Kelmendi, and Tom Djonovic, as Personal Representative of the Estate of Prela Djonovic, (collectively hereinafter "Plaintiffs"), by and through their attorney KUSTRA LAW PLLC, and for their response to Defendant's Motion for Rule 11 sanctions, states as follows:

## INTRODUCTION

Defendants The Charter Township of Shelby, Shelby Township Officer Hogan, along with the six John Doe Defendants have requested sanctions against Plaintiffs under Fed. R. Civ. P 11 for allegedly presenting arguments that "are not supported by the law of this Circuit or any good faith argument" in their "untenable opposition to dismissal of the John Doe Defendants." ECF No. 31, PageID 304, 312. The Defendants claim that Plaintiff's reliance on *Krupski* in ECF No. 29 is incompatible with good faith argument in response to ECF No. 26, which seeks the dismissal of John Doe Defendants under Fed. R. Civ. P. 12(c) and 56(b). *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). Plaintiffs strongly condemn such assertions as an unjustifiable attempt to harass the Plaintiffs, needlessly increase the cost of litigation, and maliciously stunt the development of our common law tradition.

## I. The Supreme Court's unanimous decision in *Krupski* has Abrogated 6th Circuit Precedent

### A. The 6th Circuit John Doe Rule

2

The 6th Circuit has repeatedly made the decision not to publish a post-*Krupski* opinion that addresses the questions at issue in this case, despite multiple opportunities to do so. The closest this Circuit has come to signaling where it stands on the John Doe Relation Back issue post-*Krupski* was *Smith v. City of Akron*, which Plaintiffs recognized in ECF No. 29, but the case was not recommended for publication. 476 Fed. Appx. 67 (6th Cir. 2012); ECF No. 29, PageID 228. Without a published opinion instructing this Court on how to apply *Krupski*, this Court is free to consider the applicability of *Krupski* as it sees fit. The issue of John Doe placeholders and relation back under Fed. R. Civ. P. 15(c) is currently being vigorously debated across the nation and has fueled an entrenched Circuit Court division that the Supreme Court has been called to resolve. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), petition for cert. filed, No. 21-771 (U.S. Nov 19, 2021).

Recently, numerous Civil Procedure Scholars filed an Amici Curiae brief ("Brief") in support of the petitioner in *Herrera*, who has requested certiorari from the Supreme Court to overturn the 7th Circuit's denial of relation back in similar circumstances. Brief of Civil Procedure Scholars et al. as Amici Curiae in Support of Petitioner, 8 F.4th 493 (7th Cir. 2021), petition for cert. filed, No. 21-771 (U.S. Dec 27, 2021). The petition for certiorari from the 7th Circuit decision in *Herrera* is based on the 7th Circuit making the same mistake as the 6th Circuit in *Smith v. City of Akron*. *Id*. In both cases, the respective Courts improperly denied the Plaintiff's

3

amendment to a complaint because they held that the use of a John Doe placeholder is a "conscious choice, not an inadvertent error," and Rule 15(c) does not allow relation back for "defendants to be named later through "John Doe"" placeholders. *Herrera*, 8 F.4th at 541; *City of Akron*, 476 Fed. Appx. at 69.

The 6th Circuit's decision in *City of Akron* does not even accurately report the circuit split at the time of publishing because the 4th Circuit had already rejected the approach taken by the 6th Circuit in *City of Akron* in *Goodman v. Praxair, Inc.* which was published five years before *City of Akron*. 494 F.3d 458 (4th Cir. 2007) (en banc). The 6th Circuit's unpublished decision in *Smith v. City of Akron* should be properly viewed as this Circuit's adoption of a wait and see approach to post-*Krupski* John Doe relation back questions.

The Scholar's Brief further clarifies that not only have multiple Circuits misinterpreted Fed. R. Civ. P. 15(c)(1)(C), but their misinterpretation is irreconcilable with the Supreme Court's unanimous decision in *Krupski*. Brief of Civil Procedure Scholars, No. 21-771, *2 (U.S. Dec 27, 2021). The Civil Procedure Scholars correctly tally which Circuit Courts of Appeal have held that Fed. R. Civ. P. 15(c)(1)(C) bars relation back whenever a plaintiff uses a John Doe placeholder, as the 2nd, 5th, 7th, and 8th Circuit Courts. *Id*. at 3. On the other side of the debate are the 3rd and 4th Circuits which have held that Plaintiffs who amend their complaints to substitute the correct defendants for John Doe placeholders can meet

4

the requirements under Rule 15(c)(1)(C). *Id*. at 4. The Scholars correctly omit the 6th Circuit from that list because the 6th Circuit has not definitely decided whether a Plaintiff can substitute correct defendants for John Doe placeholders using Rule 15(c)(1)(C) after the Supreme Court's holding in *Krupski*. *See Id*. at 3-4. Essentially Defendants' grievance is that in the absence of binding precedent and being fully aware of the contentious legal debate concerning John Doe placeholders and Rule 15(c) Relation Back, Plaintiffs did not concur with their motion at ECF No. 26. Defendants now wrongfully seek to impose financial penalty on Plaintiffs and their counsel for presenting the court with argument that wholly complies with Fed. R. Civ. P. 11(b).

### B. The Position of the Scholars is Essentially the Same as the Plaintiffs

In their Brief in Support of the Petitioner in *Herrera*, the Civil Procedure Scholars raise several of the same points as Plaintiffs in ECF No. 29. In urging the Supreme Court to grant certiorari, the Scholars point to the urgent need to resolve an entrenched circuit split; abolish a practice that generates perverse incentives and arbitrary outcomes; and apply the 3rd and 4th Circuit's interpretation of John Doe placeholders and Rule 15(c). *Id*. at 2-4.

### i. Plaintiffs can relate back to the date of the original pleading to correct John Doe placeholders

The Scholars are in agreement with Plaintiff's argument that Rule 15(c)(1)(C) allows a Plaintiff to relate back to the original filing date when two conditions are met. *Id*. at 6. First, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment…received such notice of the action that it will not be prejudiced in defending on the merits." *Id*.; *see also* Fed. R. Civ. P. 15(c)(1)(C)(i). Plaintiffs have argued in ECF No. 29 that the John Doe Defendant received, at minimum, constructive notice of the case against them. *See* ECF No. 29, PageID 232. It is clear to the Plaintiffs that the John Doe Defendants in this case did have notice of the case against them, and that notice satisfied the requirement of Fed. R. Civ. P. 15(c)(1)(C)(i) because the Amended Complaint naming the John Doe Defendants was filed on October 30, 2020, and counsel appeared on behalf of the John Doe Defendants to Answer the Amended Complaint on November 27, 2020. *See* ECF No. 8, 10.

In their Answer to Plaintiff's Amended Complaint, it is clear from the pleadings that counsel appeared on their behalf, and Plaintiffs reasonably believe that it is self-evident to impute such constructive knowledge on the John Doe Defendants based on the foregoing. ECF No. 10. There is much stronger case for imputing constructive knowledge in this case, than in *Varlack v. SWC Caribbean, Inc.*, where the 3rd Circuit found constructive knowledge from a defendant's happenstance viewing a copy of the complaint. 550 F.2d 171, 175 (3d Cir. 1977). In

6

this case, the John Doe Defendants have instructed and retained counsel to defend them from Plaintiff's Amended Complaint. *See* ECF No. 10. Under such circumstances, it is hard to see how the John Doe Defendants would be prejudiced in defending the case on the merits when they are clearly already a part of this case, retained counsel within the Fed. R. Civ. P. 4(m) period, and are currently advocating for their own dismissal. *See* ECF No. 26. Plaintiffs believe that the record clearly shows that the requirements of Fed. R. Civ. P. 15(c)(1)(C)(i) can be met by an inquiry focused on what the prospective defendant knew or should have known during the Fed. R. Civ. P. 4(m) period.

Second, Plaintiffs believe that they can also show that the Defendants to be "brought in by the amendment "knew or should have known that the action would have brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii)." Brief of Civil Procedure Scholars, No. 21-771, *6 (U.S. Dec 27, 2021). The question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski*, 560 U.S. at 553-54. The Civil Procedure Scholars note that "as long as the other conditions specified in the Rule are satisfied, the use of a "John Doe" placeholder leaves the prospective defendant with no doubt whatsoever "about the plaintiff's intent in filing the original complaint"." Brief of Civil Procedure Scholars, No. 21-771, *8 (U.S. Dec 27, 2021).

7

Plaintiffs wholly agree with the Civil Procedure Scholars that the very use of John Doe placeholders in the case caption of the Amended Complaint makes it clear that the Plaintiffs did not (and could not) identify the intended defendants by their proper name. *Id*. Plaintiffs believe that Defendants were fully aware of the mistake concerning their identity which is possibly why they waited until after the statute of limitations had lapsed but before they were deposed to request dismissal from the complaint against them.

**a. The Supreme Court's interpretation of Rule 15(c) in *Krupski***

In *Krupski*, the Supreme Court emphasized what is clear from the text of Rule 15: "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge…." *Krupski*, 560 U.S. at 541. The Court's holding in *Krupski* makes it clear that the analysis required to determine the availability of Rule 15(c) relation back must be focused on what the party to be added, knew or should have known, not on the amending party's knowledge. *Id*.

The Court in *Krupski* explained that the phrase "mistake concerning the proper party's identity" occurs in a provision of the Rule that addresses the defendant's actual or constructive knowledge or state of mind. *See Krupski*, 560 U.S. at 548-49; Brief of Civil Procedure Scholars, No. 21-771, *3 (U.S. Dec 27, 2021).

Under Rule 15(c)(1)(C) the question is whether the added party should have known that he or she was the intended defendant and that there was a "mistake concerning the proper party's identity." The Scholars rightly point out that the use of a "John Doe" placeholder leaves a prospective defendant with no doubt that there had been a misidentification. *Id*. In their Amici Curie Brief, the Scholars reach the same conclusion as the Plaintiffs in ECF No. 29, that when the other requirements of the Rule are satisfied, a plaintiff's amendment to correct the defendant's name from a "John Doe" placeholder, just like the correction of any other misidentification, relates back to the original complaint under Fed. R. Civ. P. 15(c)(1)(C). *Id*.

This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. *Krupksi*, 560 U.S. at 550; *See, e.g.*, Advisory Committee's 1966, Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed. 2009).

Legal scholars overwhelmingly support the approach currently employed by the 3rd and 4th Circuits, as consistent with *Krupski*, which correctly emphasize that "the Rule 15(c)(1)(C) inquiry turns on whether the correct defendant had actual or constructive knowledge that it was the intended party and was misidentified in the complaint, irrespective of the plaintiff's state of mind." Brief of Civil Procedure

9

Scholars, No. 21-771, *4 (U.S. Dec 27, 2021)..[1] This means that the focus under Rule 15(c)(1)(C) must be on what the John Doe Defendants knew, or reasonably should have known, not on what the Plaintiff's should have known. Focusing on the Plaintiff's knowledge is a direct contradiction of the Supreme Court's interpretation of Rule 15 in *Krupski*, the jurisprudence of the 3rd and 4th Circuits, and the Advisory Committee's 1966, Notes 122.

## b. Incentives, Arbitrary and Unfair Outcomes, Promotion of Justice

A ruling that an amendment correcting a placeholder cannot relate back under Rule 15(c)(1)(C), like in *Smith v. City of Akron*, creates perverse incentives, and will lead to arbitrary and unfair outcomes that will not advance the cause of justice. This result has been recognized by the 3rd Circuit in *Singletary v. Penn. Dep't of Corr.*, where the Court recognized that it makes no sense:

> to allow plaintiffs who commit such a clear pleading error [of naming the wrong party] to have their claims relate back, while disallowing such an option for plaintiffs who, usually through no fault of their own, do not know the names of the individuals who violated their rights. This

---

[1] *See, e.g.*, Edward F. Sherman, *Amending Complaints to Sue Previously Misnamed or Unidentified Defendants After the Statute of Limitations Has Run*, 15 Nev. L.J. 1329, 1346–48 (2015); Brian J. Zeiger et al., *A Change to Relation Back*, 18 Tex. J. C.L. & C.R. 181, 194-96 (2013); Robert A. Lusardi, *Rule 15(c) Mistake: The Supreme Court in Krupski Seeks to Resolve A Judicial Thicket*, 49 U. Louisville L. Rev. 317, 337-38 (2011); Steven S. Sparling, Note, *Relation Back of "John Doe" Complaints in Federal Court: What You Don't Know Can Hurt You*, 19 Cardozo L. Rev. 1235, 1276–77 (1997); Meg Tomlinson, Note, *Krupski and Relation Back for Claims Against John Doe Defendants*, 86 Fordham L. Rev. 2071, 2102–05 (2018).

> disparity of treatment of S 1983 plaintiffs seems to have
> no principled basis.

266 F.3d 186 (3rd Cir. 2001), Footnote 5.

The use of John Doe placeholders in civil rights cases is unavoidable because Plaintiffs often do not know who violated their rights, and after their rights have been violated, they are at a substantial disadvantage vis-à-vis the very authorities who violated their civil rights, and which have every incentive to obstruct and hinder Plaintiff's ability to investigate that violation. The Civil Procedure Scholars note that the effect of denying Plaintiffs the ability to amend their pleading to correct John Doe placeholders would incentivize plaintiffs to name a long list of possible defendants in their complaint. Brief of Civil Procedure Scholars, No. 21-771, *5 (U.S. Dec 27, 2021). This outcome would be unavoidable and would not advance the cause of justice by needlessly naming, serving, and requiring Answers from parties that may very well have no connection to the case beyond working for the same organization that injured the plaintiff.

There is no question that if the Plaintiffs in this case had named six other Shelby Township police officers instead of John Doe placeholders, they could amend their complaint through relation back once the proper identities of the Defendants become known. The Scholars also agree with Plaintiff's that under the approach in *Smith v. City of Akron*, "potential defendants would have every incentive to conceal their identities and stonewall plaintiffs' inquiries until the statute of

11

limitations runs. The history of Rule 15(c)(1)(C), evidenced in the Advisory Committee's notes, shows that the Rule was amended to prevent this kind of costly arbitrariness and injustice." *Id*.

The outcome in *Smith v. City of Akron* is inconsistent with the Supreme Court's holding in *Krupski* and "with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550. The Court in *Krupski* goes on to discuss why Rule 15(c)(1)(C) was created in the first place:

> [The Rule 15(c)(1)(C)] provision was added in 1966 to respond to a recurring problem in suits against the Federal Government, particularly in the Social Security context. Advisory Committee's 1966, Notes 122. Individuals who had filed timely lawsuits challenging the administrative denial of benefits often failed to name the party identified in the statute as the proper defendant--the current Secretary of what was then the Department of Health, Education, and Welfare--and named instead the United States; the Department of Health, Education, and Welfare itself; the nonexistent "Federal Security Administration"; or a Secretary who had recently retired from office. *Ibid*.

> It is conceivable that the Social Security litigants knew or reasonably should have known the identity of the proper defendant either because of documents in their administrative cases or by dint of the statute setting forth the filing requirements. *See* 42 U.S.C. § 405(g) (1958 ed., Supp. III). Nonetheless, the Advisory Committee clearly meant their filings to qualify as mistakes under the Rule.

*Krupski*, 560 U.S. at 552.

Plaintiffs, like those early Social Security litigants, have filed a timely lawsuit against the named and unnamed Defendants and should be permitted to relate back to the date of their original complaint because their misidentification of Defendants is a mistake under Fed. R. Civ. P. 15(c).

## II. FOIA Request

### A. April 30, 2018, FOIA Request

Defendants also argue that Plaintiff's Response to ECF No. 26 "is not based in factual truth." ECF No. 31, PageID 312. Defendants dispute that the April 30, 2018 FOIA (Freedom of Information Act) request, sent by Plaintiff's previous counsel and given to current counsel by Plaintiffs, sought a "broad range" of information that included the police report from the incident. *Id*. Plaintiffs believe that the letter speaks for itself, and it clearly does seek a broad range of information, no matter how one could reasonably define "broad range." The FOIA request, submitted by previous counsel, sought the production of "all documents, including records, reports, logs, correspondence, journal entries, e-mails, faxes, medical records, videos, orders, warrants, court records or any other documentation of any kind." ECF 29-1, PageID 243. Plaintiffs are perplexed by the Defendants complaint that Plaintiffs have "falsely assert[ed]" that the FOIA request at ECF 29-1 sought "broad ranged" information. ECF No. 31, PageID 312. The fact is that the FOIA request clearly requested a broad range of information.

13

Defendants also take an extraordinarily narrow view of the April 30, 2018 FOIA request to argue that they were not required to respond to it because "[John] Kelmendi was not arrested on January 12, 2018." ECF No. 31, PageID 313. The FOIA request contained sufficient information to enable them to locate information relating to the incident, but they intentionally chose to opt for a blanket denial of all information to the Plaintiffs.

Upon review of the letter from Plaintiff's previous counsel, which notes that it was delivered to the Shelby Township Police Department, Plaintiff's current counsel was under the objectively reasonable belief that the April 30, 2018 FOIA request had requested a copy of the police report from that incident. Beyond Plaintiff's assertions that they were never provided with a full copy of the police report, Plaintiff's and their current counsel have no way of knowing what became of the request. Plaintiff's current counsel has consistently informed Defendants that the Plaintiffs were not provided with the police reports in a timely fashion which caused the delay in naming the John Doe Defendants. ECF 26-6, PageID 203-4.

## B. Informal Request for Police Report

What is clear from the record is that the April 30, 2018 FOIA request was never answered and Plaintiffs believed that was why previous counsel was seeking a copy of the police report on January 14, 2021. ECF 26-7. In Plaintiff's view, the disclosure of the full police report on January 15, 2021 was the result of roughly

14

three years of requesting the same document from the Defendants, not a simple informal request between attorneys that was granted less than 24-hours later. It still appears to the Plaintiffs, and their counsel, that it was only once the statute of limitations had passed in the case, did the Defendants, through counsel, release the full copy of the police report. This highlights the power imbalance that is inherent in any §1983 case where citizens are always at a comparative disadvantage to defendants, who have significantly more resources and an incentive to suppress any information that may aid Plaintiff's claims against them. This is the exactly the perverse incentives that the Civil Procedure Scholars are warning against in their submission to the Supreme Court. Brief of Civil Procedure Scholars, No. 21-771. *16-17 (U.S. Dec 27, 2021), *see also White v. City of Chicago*, No. 14-CV-3720, 2016 WL 4270152, at *3 (N.D. Ill. Aug. 15, 2016).

### C. Disclosure of Redacted Police Report on September 23, 2019

Defendants also claim that Plaintiffs had the police report from the disclosure of a heavily redacted police report that was produced in response to another FOIA request on September 23, 2019. ECF No. 30, PageID 279. The redacted copy of the police report did not present an accurate picture of the events of January 12, 2018, and upon review of the full copy of the same report, Plaintiffs continue to maintain that the report still does not accurately reflect the incident with the Shelby Township Police Department. Yet despite this question of fact, Defendants would seem to

suggest to this Court that upon receipt of a redacted police report, the Plaintiffs should have begun naming potential defendants without fully understanding the role they played in the incident on January 12, 2018. This issue is also addressed by the Civil Procedure Scholars as potentially leading to Rule 11 sanctions for naming defendants without having undertook a proper investigation into their actions. Brief of Civil Procedure Scholars, No. 21-771, *16 (U.S. Dec 27, 2021).

### III. Defendants Motion for Rule 11 Sanctions

Defendants are requesting that this Court award sanctions under Fed. R. Civ. P. 11 against the Plaintiffs and counsel. The requested sanction include "reasonable attorney fees and costs incurred in having to prepare and file the Motion at ECF No. 26… the reply at ECF No. 30…and to prepare, serve, and file this Motion; and to appear at hearing, if any on ECF No. 26 and this Motion" among other requested relief. ECF No. 31, PageID 304.

### A. Fed. R. Civ. P. 11

Fed. R. Civ. P. 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

16

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(c)(1) allows a court to impose an appropriate sanction on any attorney where it finds that Fed. R. Civ. P. 11(b) has been violated. According to Sixth Circuit precedent, sanctions may be imposed if "a reasonable inquiry [would have] disclose[d] [that] the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988)). Defendants, including the John Doe Defendants who are supposedly unaware of this litigation, allege that Plaintiffs have violated Rule 11(b) by refusing to concur with their Motion to Dismiss the John Doe Defendants at ECF No. 26. They have criticized the Plaintiffs for using "*out-of-*

*circuit*, *unpublished*, *district court cases* that do not affect the law of *this Circuit*"
while relying exclusively on unpublished opinions that they claim have somehow
placed the John Doe placeholder issue beyond argument. ECF No. 30, PageID 275.

There is an entrenched Circuit split on whether the use of John Doe
placeholders is a "mistake" under Rule 15(c). The 6th Circuit's pre-*Krupski*
jurisprudence held that the use of a John Doe placeholder was not a mistake under
Rule 15(c). *See Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996). Even before *Krupski*
the 3rd and 4th Circuits disagreed with the 6th Circuit's position. Post-*Krupski*, the
6th Circuit has not published a decision to establish binding precedent that would
clarify its position on this issue. Arguably, the 6th Circuit has intended to foster
robust debate and argument on the issue before issuing a published decision. Many
courts and legal scholars have argued in the various forums described above, that
*Krupski* has indeed changed Fed. R. Civ. P. 15(c) jurisprudence and cases like *Cox*
and *City of Akron* are inconsistent with the Supreme Court's decision.

Defendants refuse to acknowledge the legitimate ongoing debate regarding
John Doe placeholders and relation back under Rule 15(c) and seek to impose
financial penalty on Plaintiffs for making the same arguments that are currently
being presented to the Supreme Court by many distinguished legal scholars. *See*
Brief of Civil Procedure Scholars, No. 21-771 (U.S. Dec 27, 2021).

18

## B. Fee-Shifting

Even if this situation warranted the imposition of sanctions under Rule 11(c), they must be limited nature to deter repetition of the offending conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

However, "Rule 11 is not a fee-shifting statute." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990); *see also Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 553, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991) ("[T]he Rule calls only for 'an appropriate sanction'—attorney's fees are not mandated.); *Rentz v. Dynasty Apparel Indus.*, Inc., 556 F.3d 389, 402 (6th Cir. 2009) ("[C]ompensation and fee-shifting are not the goals of Rule 11."); *Kassab v. Aetna Indus., Inc.*, 265 F. Supp. 2d 819, 824 (E.D. Mich. 2003) ("Aetna is not automatically entitled to a blanket award of all fees requested, but rather only to those that are reasonable and necessary to deter similar offensive conduct in the future, even if that amount does not fully reflect the fees Aetna incurred to defend this meritless action."). Defendants are clearly seeking to use Rule 11 sanctions as a fee shifting opportunity that they believe is justified by

Plaintiffs "untenable opposition" and refusal to concur with the Dismissal of the John Doe Defendants. ECF No. 31, PageID 304.

### i. Attorney Fees for ECF No. 26

Defendants are requesting that this Court order the Plaintiffs to pay for their legal expenses, even those that are not directly resulting from the alleged violation in ECF No. 29. In an attempt to maximize their potential recovery, the Defendants are proceeding on the theory that their position was so clearly correct, and so well-settled, that they were entitled to Plaintiff's concurrence on their Motion to Dismiss the John Doe Defendants. Despite the fact that the John Doe Defendants have clearly retained counsel to answer the complaint on their behalf and advocate for their dismissal, counsel would have this Court believe that these John Doe Defendants are unaware of these proceedings and have no notice, constructive or otherwise, of a potential case against them and Plaintiffs should not be allowed to argue otherwise.

The entire preceding dispute, which Defendants now grieve, came before the Court through odd procedural circumstances wherein the John Doe Defendants themselves requested this Court dismiss them from this case because they have not been served within the scripture of Fed. R. Civ. P. 4. While the John Doe Defendants have not yet been definitively identified due to the fact that no depositions have been held in this case, they are either current members, or previous members of the Shelby

20

Township Police Department. Fed. R. Civ. P. 15 was always intended to promote the policy preference of resolving cases on their merits, not through the harsh application of procedural rules that could grant a windfall to a potential defendant. The *Krupski* Court recognized that the purpose of Rule 15 is to balance the interest of the defendant, as protected by the statute of limitations, and the general preference expressed throughout the Federal Rules of Civil Procedure, specifically Rule 15, for resolving cases on their merits. *Krupski*, 560 U.S. at 550. Defendants are only now coming to terms with the fact that perhaps they should not have instructed counsel to appear on their behalf because doing so has objectively eliminated any doubt that they knew of this potential case against them. Even once counsel did appear on their behalf, the John Doe Defendants likely regret instructing counsel to move for their dismissal because it affords the Plaintiff's, as the responding party, the right to have all reasonable inferences drawn in their favor for the purposes of that motion.

This request for sanctions is obviously not permissible under Fed. R. Civ. P. 11 to the extent that they seek relief for preparing and filing ECF No. 26. It is objectively unreasonable to request attorney fees through sanctions for a court filing that preceded the alleged violation on the basis that refusing to concur on an unsettled point of law is somehow inconsistent with an attorney's obligations under Fed. R. Civ. P. 11(b). This entire Motion for Rule 11 Sanctions in general, and the request for attorney fees pertaining to ECF No. 26 specifically, is simply another

instance of Defendants attempting to harass the Plaintiffs at every opportunity and needlessly increase the cost of litigation in the hopes that the Plaintiffs will tire in their pursuit of justice.

### C. Defendants History of Rule 11 Sanctions

The overly zealous use of sanctions in a Civil Rights case is particularly more egregious, especially where these Defendants have a well-documented history of routinely threatening Rule 11 sanctions against citizens who seek to hold them accountable for violating their Constitutional rights. *See* ECF 26-6; *See also Malhi v. Shelby Township*, No. 2:21-cv-11424, ECF 7, 13 (E.D. Mich. filed June 17, 2021). The fundamental disagreement between the parties in this case about the availability of relation back to correct John Doe placeholders, highlights the live debate in this nation about whether relation back should be allowed under these circumstances. Defendants in their motion for sanctions are simply trying bolster their submissions that are already before this Court by trying to provoke a misplaced sense of outrage by requesting Rule 11 sanctions. Unfortunately, this is gamesmanship is a tried-and-true technique for these defendants and should rejected by this Court in the strongest possible terms. *Id*.

## IV. Possibility of Contrarian Findings of Fact

Defendant's Motion for Dismissal of the John Doe Defendants in ECF No. 26, is scrutinized under the same standard of review as a motion for summary judgement and Plaintiffs are entitled to have all reasonable inferences drawn in their favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). By filing this motion for sanctions prior to this Court having an opportunity to rule on ECF No. 26, Defendants have gone to extreme lengths to indirectly ask this Court to conduct an in-depth factual inquiry of the very circumstances that underlie their motion at ECF No. 26, where any inferences therein must be drawn in Plaintiff's favor as the non-moving party in resolving that motion. This creates a situation where the differing standard of review creates a scenario that could deprive the Plaintiffs of favorable findings of fact and their right to have those facts decided by a jury of their peers. It creates the possibility for a scenario where this Court reaches a factual finding before the jury is even given an opportunity to hear the case.

The dispute surrounding the April 30, 2018 FOIA request may appear to be routine argument but closer scrutiny reveals Defendants are using this argument to force the Court to make a finding of fact surrounding the Plaintiff's encounter with officers of the Shelby Township Police Department on January 12, 2018. The question of whether the Plaintiffs were "arrested" or detained by Shelby Township Police Department is a factual finding that should be made by the jury. Defendants

23

are covertly asking this Court to usurp the role and function of a jury in our legal system. This would deny Plaintiff's right to have factual findings made by a jury, who would very likely be outraged by the conduct of the Shelby Township Police Officers on January 12, 2018, when they unlawfully intervened in a civil dispute at a private home and attacked an elderly man who had the courage to defend his home against the unwarranted and unconstitutional invasion of the state.

## CONCLUSION

The approach advocated by Plaintiffs in ECF No. 29 is the only approach that is consistent with the Supreme Court's reasoning in *Krupski*, the history of Rule 15(c)(1)(C) and is widely supported by legal scholars. Those same legal scholars are currently making the same exact arguments to the Supreme Court in support of a petition for certiorari to decide this question once and for all. There is a very real possibility that the Supreme Court grants the petition for certiorari and settles the John Doe placeholder issue once and for all, resolving the entrenched circuit split, and possibly adopting the same reasoning that Plaintiffs are relying on in their response to Defendant's Motion to Dismiss the John Doe Defendants. Defendant's actions in filing this motion for Rule 11 sanctions are a blatant attempt bully and harass the Plaintiffs because they did not grant a concurrence to ECF No. 26.

In filing this Motion for Rule 11 Sanctions, the Defendants demonstrate reckless indifference toward opposing counsel's and this Court's finite resources by causing needless argument over actions that wholly comply with Rule 11(b) and an attorney's duty to advocate for their clients. The Defendants motion also pre-supposes the adjudication of ECF No. 26 in their favor and is an attempt to pressure the Court into releasing an expedited judgment and engage in a factual inquiry that would be inappropriate under the standard of review afforded to their Motion at ECF No. 26. For the preceding reasons, Defendant's Motion for Rule 11 Sanctions should be forcefully denied by this Court.

Respectfully submitted,
**KUSTRA LAW PLLC**

/s/ Steven J. Kustra
Steven J. Kustra
Attorneys for Plaintiffs
724 Notre Dame Street,
Grosse Pointe, MI 48230
(313) 586-4444
Dated: March 3, 2022          kustra@kustralaw.com

## PROOF OF SERVICE

I hereby certify that on 3 March 2022 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filling to all ECF participants in the case.

/s/ Andrew J. Lane
Andrew J. Lane