UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,

    Plaintiff,

v.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
in their individual capacities, and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

    Defendants.
_____/

Civil No. 20-12354

DENISE PAGE HOOD

## ORDER GRANTING DEFENDANTS' MOTION TO JOHN DOE DEFENDANTS

**I.  BACKGROUND**

This matter is before the Court on a Motion to Dismiss John Doe Defendants filed by Defendants the Charter Township of Shelby, Shelby Township Police Officer T. Hogan, and the John Doe Defendants ("Defendants"). (ECF No. 26) Plaintiffs John Kelmendi and Tom Djonovic, personal representative of the Estate of Prela Djonovic ("Plaintiffs"), filed a response opposing the motion. (ECF No. 29) Defendants filed a reply to the response. (ECF No. 30) A hearing was held on the matter.

On August 28, 2020, amended on October 30, 2020, Plaintiffs filed a Complaint against Defendants alleging constitutional violations in Count I against Defendant Hogan and John Doe Defendants and a Monell claim in Count I against Defendant Shelby Township.  Plaintiffs allege that on January 12, 2018, Defendant Hogan and John Doe Defendants went to the home of deceased Plaintiff Djonovic to collect documents and clothing of Djonovic's wife.  (ECF No. 8, PageID.37) Djonovic told the officers that his wife no longer lived there and that she had removed her belongings the previous day.  *Id*.  Djonovic shut the door to the home to take care of his son, who was crying.  *Id.* at PageID.38.  The officers knocked again and Plaintiff Kelmendi, who was staying at the home, answered the door. Kelmendi told the officers the wife had left the day before and removed all of her belongings. The officers entered the home, grabbed Kelmendi and slammed him, causing him to hit his head on a concrete wall and fall on his face.  Kelmendi lost consciousness due to the force used by the officers.  *Id.*

The officers moved past Kelmendi, pushed and struck Djonovic in the face and ribs, causing Djonovic to suffer injuries that eventually led to his death.  Two of the John Doe Officers allegedly beat Djonovic.  *Id.* at PageID.39.  When Kelmendi regained consciousness, he asked Defendant Hogan for his name and

2

badge number, but Defendant Hogan refused and informed Kelmendi that he was aware of a lawsuit Kelmendi had against Shelby Township. *Id.*

Kelmendi went to the Shelby Township Police Department to make a statement, but was not allowed to do so. The January 12, 2018 police report did not include any statements from Kelmendi, Djonic or his son. *Id.*

Kelmendi went to the hospital complaining of injuries to his head, ribs, neck, back and knee. He was kept overnight at the hospital and received injections in his neck and back, as well as neurological treatment for a closed head injury. *Id*. at PageID.39-.40. No charges were filed by Shelby Township against Kelmendi, Djonovic, nor his son, regarding this incident.

## II.   ANALYSIS

### A.   Arguments

Defendants assert that the three-year statute of limitations in this case lapsed on January 14, 2021. To date, Defendants claim Plaintiffs have not identified the John Doe Defendants Nos. 1-6. Defendants now seek dismissal of the John Doe Defendants Nos. 1-6.

Plaintiffs respond that they should be allowed the benefit of discovery to properly identify all culpable defendants. Plaintiffs claim that there is no prejudice for naming the John Does since they had constructive notice of this action. They

argue that they should be allowed to amend the Amended Complaint to name the John Does and that any amendment "relates back" to the date of the original filing of the Complaint. Plaintiffs further claim that defense counsel failed to release discovery requests within the statute of limitations, which led to the failure to complete the service to the John Does. Plaintiffs also claim that prior counsel made a mistake for not identifying the John Does and that Plaintiffs should not be barred for now naming the John Does because of the delay in finding new counsel.

    **B.    Standard Motion to Dismiss**

Rule 12(c) of the Rules of Civil Procedure provides,"[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). The same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a

claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)).

The measure of a Rule 12(b)(6) challenge–whether the Complaint raises a right to relief above the speculative level–"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) (*quoting in part Twombly*, 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### C. Whether naming "John Doe" is a mistake under Rule 15(c)

The Sixth Circuit has held that the substitution of a "John Doe" defendant with a named party is not a "mistake concerning the proper party's identity" for

purposes of Rule 15(c)(1)(C)(ii) but is, instead, an addition of a new party. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996) (substituting a named defendant for a "John Doe" defendant is considered an addition of parties rather than a mere substitution of parties). *See also Rayfield v. City of Grand Rapids, Michigan*, 768 F. App'x 495, 502 (6th Cir. April 15, 2019); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).

The term "mistake" as used in Rule 15(c)(1)(C)(ii) means an actual mistake. *See Brown v. Cuyahoga County*, 517 F. App'x 431, 435 (6th Cir. 2013). The Rule prevents "eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations." *Id.* Rule 15(c) does not offer a remedy for situations where plaintiffs wait until the last day to file and do not leave any time to identify defendants within the relevant time. *See Smith*, 476 F. App'x at 69; *see also Rayfield*, 768 F. App'x at 502.

Here, the statute of limitations ran on January 14, 2021. Plaintiffs filed no motions to add a named defendant in place of John Does Nos. 1-6 prior to the statute of limitations deadline, nor to date, other than seeking additional discovery in their response to this motion. There is also no motion to compel any discovery

relating to the identities of John Does Nos. 1-6 to date, nor prior to the January 14, 2021 statute of limitations deadline.

Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c). *See Rayfield*, 768 F. App'x at 502; *Brown*, 517 F. App'x at 435; *Smith*, 476 F. App'x at 69. Plaintiffs cannot establish a "mistake" of identity and consequently do not satisfy the relation back exception of Rule 15(c)(1)(C)(ii).

### D. Supreme Court case *Krupski v. Costa*

Plaintiffs argue that pursuant to the Supreme Court case *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), they should be allowed to amend the Complaint to name the John Doe Defendants based on a "mistake." The Sixth Circuit has explicitly rejected the application of *Krupski* to John Doe defendants under similar circumstances. In *Smith, supra,* Smith filed suit claiming violations of the federal constitution and state tort law by "John and Jane Does 1-10," the City of Akron, and the Akron Police Department. Smith then amended the complaint naming 2 officers in place of "John Doe" numbers 1 and 2. These officers moved to dismiss on the basis that Smith's claims were time-barred. The district court granted the motion, reasoning that Smith's amendment did not "relate

7

back" to his original complaint. The Sixth Circuit agreed, finding that "Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem." *Smith*, 476 Fed. App'x at 69. The Sixth Circuit found Smith's reliance on *Krupski* misplaced, because in *Krupski*, the plaintiff knew of two potential parties when she filed the lawsuit, but she sued the wrong party and corrected the mistake only after the statute of limitations had expired. *Krupski,* 560 U.S. at 542-45. The Supreme Court held that the plaintiff made a "mistake" under Rule 15(c), even though she knew the identity of the proper party when she filed her complaint. *Id*. at 548-50. "[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim." *Id*. *Krupski's* problem is not *Smith's* problem according to the Sixth Circuit because the plaintiff in *Smith* did not make a mistake about which defendant to sue; the plaintiff simply did not know whom to sue or opted not to find out within the limitations period. *Cox*, 75 F.3d at 240. Because the plaintiff in *Smith* waited until the last day of the two-year limitations period to file a complaint, that left no time to discover the identity of his arresting officers within the relevant time.

8

Even after *Krupski*, Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Does," "Unknown Defendants" or other missing appellations. The Sixth Circuit has repeatedly reached the same conclusion under similar facts. *See, e.g., Rayfield*, 768 F. App'x at 502; *Brown*, 517 F. App'x at 435.

Plaintiffs in this case named John Does Nos. 1-6 as defendants because they did not know the identities of all of the participants in the January 12, 2018 incident at Plaintiffs' home. Plaintiffs were aware of Defendant Hogan's involvement, but this does not translate into a finding that they "harbored a misunderstanding" about John Does Nos. 1-6's roles in the incident, so that Plaintiffs made a "mistake" for purposes of Rule 15(c). Nothing in Plaintiffs' response suggests or establishes that they made a mistake when they sued John Does Nos. 1-6.

E. Prejudice

As to the issue of prejudice, a district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis*, 371 U.S. 178, 184 (1962). Delay alone, regardless of its length is not enough to

bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999).

In this case, the statute of limitations has passed. Plaintiffs had the opportunity to determine John Does Nos. 1-6 identities before the statute of limitations ran. Defendants John Does Nos. 1-6 are prejudiced because Plaintiffs did not identify them prior to the expiration of the statute of limitations. If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). As noted in *Krupski*, the purpose of relation back is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules for resolving disputes on their merits. *Krupski,* 560 U.S. at 550. The Sixth Circuit has held that a complete lack of knowledge as to the identity of a defendant–a suit against a Doe defendant, for example–is not equivalent to a "mistake" concerning the identity of the actual defendant's identity within the meaning of Rule 15(c). *Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008).

   F.   **Defense Counsel's actions**

Regarding Plaintiffs' claim that defense counsel failed to provide the information necessary to identify John Does Nos. 1-6, defense counsel noted that

such was not requested until after the statute limitations expired. Defendants claim that Plaintiffs submitted a Freedom of Information Act ("FOIA") request to Shelby Township pre-suit on September 23, 2019. Shelby Township responded and produced the police report of the incident on September 26, 2019. (ECF No. 30-2) Plaintiffs did not file their Complaint until August 2020, nearly one-year after the police report was produced to Plaintiffs. Plaintiffs had notice of the identity of the responding officers at the time they filed the Complaint, but failed to name those officers.

### G. Former Plaintiffs' Counsel's Actions

Plaintiffs argue that they should be allowed to amend the Amended Complaint to name the John Doe Defendants because it was former counsel's mistake not to name the Defendants. They further argue that the delay in obtaining new counsel also supports amendment to add the identities of John Does Nos. 1-6. These arguments are without merit since Plaintiffs had the identity of the responding officers well before the Complaint was filed. Discovery on this issue is untimely and not required.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss John Does (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that John Does 1-6 are DISMISSED from this action with prejudice.

Dated: April 20, 2022

s/Denise Page Hood
United States District Judge