UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,

        Plaintiff,

Civil No. 20-12354

v.

T. HOGAN, et al.,

        Defendants.

_____/

### ORDER DENYING MOTION FOR SANCTIONS (ECF No. 31)

**I.   BACKGROUND**

This matter is before the Court on Defendants' Motion for Sanctions for Plaintiffs' arguments raised in their response to Defendants' Motion to Dismiss John Does. (ECF No. 31) A response and reply have been filed and a hearing held on the matter.

On August 28, 2020, amended on October 30, 2020, Plaintiffs John Kelmendi and Tom Djonovic, personal representative of the Estate of Prela Djonovic, filed a Complaint against Defendants alleging constitutional violations in Count I against Defendant Hogan and John Doe Defendants and a Monell claim in Count I against Defendant Shelby Township. On January 12, 2018, Defendant Hogan and John Doe Defendants went to the home of deceased Plaintiff Tom

Djonovic to collect documents and clothing of Djonovic's wife. (ECF No. 8, PageID.37) Djonovic told the officers that his wife no longer lived there and that she had removed her belongings the previous day. *Id*. Djonovic shut the door to the home to take care of his son, who was crying. *Id.* at PageID.38. The officers knocked again and Plaintiff Kelmendi, who was staying at the home, answered the door. Kelmendi told the officers the wife had left the day before and removed all of her belongings. The officers instead entered the home, grabbed Kelmendi and slammed him, causing him to hit his head on a concrete wall and fall over on his face. Kelmendi lost consciousness due to the force used by the officers. *Id.*

The officers moved past Kelmendi, pushed and struck Djonovic in the face and ribs, causing Djonovic to suffer injuries that eventually led to his death. Two of the John Doe Officers allegedly beat Djonovic. *Id.* at PageID.39. When Kelmendi regained consciousness, he asked Defendant Hogan for his name and badge number, but Defendant Hogan refused and informed Kelmendi that he was aware of a lawsuit Kelmendi had against Shelby Township. *Id.*

Kelmendi went to the Shelby Township Police Department to make a statement, but was not allowed to do so. The January 12, 2018 police report did not include any statements from Kelmendi, Djonovic or his son. *Id.*

Kelmendi went to the hospital complaining of injuries to his head, ribs, neck, back and knee. He was kept overnight at the hospital and received injections in his neck and back, as well as neurological treatment for a closed head injury. *Id*. at PageID.39-.40. No charges were filed by Shelby Township against Kelmendi, Djonovic, nor his son, regarding this incident.

After a Motion to Dismiss John Doe Defendants, and a hearing held on the matter, the Court entered an Order dismissing the John Doe Defendants.

**II.   ANALYSIS**

Defendants argue that Plaintiffs' response to their Motion to Dismiss John Doe violated Rule 11 of the Rules of Civil Procedure in that Plaintiffs persisted in its arguments and baseless factual allegations even though the statute of limitations without identification of the John Doe Defendants had lapsed. Defendants claim that Plaintiffs' reliance on the Supreme Court case, *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538 (2010) was incompatible with Sixth Circuit law.

Plaintiffs strongly condemn such assertions by Defendants in that Defendants are the ones harassing Plaintiffs, needlessly increasing litigation cost by filing this motion and to maliciously stunt the development of our common law tradition. Plaintiffs argue that the Sixth Circuit has yet to issue a published opinion on how to apply *Krupski* on John Doe placeholders and relation back under Rule

15(c). The *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012) relied upon by Defendants is unpublished. Plaintiffs cited cases from other District and Circuit courts that are contrary to the ruling in *Smith*. Plaintiffs argue that a Seventh Circuit case is pending before the Supreme Court for review, *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), petition for cert. filed, No. 21-771 (U.S. Nov 19, 2021), where amici briefs have been filed regarding the John Doe relation back issue. (Note, certiorari was denied on March 28, 2022, after Plaintiffs' brief was filed)

Rule 11 states the following:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3). For purposes of assessing whether sanctions should be awarded, counsel's conduct is measured by an objective standard of reasonableness under the circumstances. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). In deciding whether to impose sanctions, a court may consider factors such as whether the improper conduct "was part of a pattern of activity, or an isolated event" and whether it "infected the entire pleading, or only one particular count or defense." Fed. R. Civ. P. 11 advisory committee notes to 1993 Amendments.

As noted by the Sixth Circuit in *Ridder*, the application of the 1983 version of Rule 11 provoked considerable commentary and was criticized for spawning satellite litigation, abusing the rule's potential as a fee-shifting device, exacerbating incivility among lawyers and between bench and bar, chilling creative advocacy, and disproportionately impacting plaintiffs over defendants, particularly in the civil rights arena. *Ridder*, 109 F.3d at 293. Responding to these concerns, Rule 11 was substantially revised in 1993. In a significant turnabout, the amended rule now makes the imposition of sanctions for violations discretionary, rather than mandatory. In line with Rule 11's ultimate goal of deterrence, rather than compensation, the amended rule also de-emphasizes monetary sanctions and discourages direct payouts to the opposing party and that if a monetary sanction is

imposed, it should ordinarily be paid into court as a penalty, unless the arguments and facts are used to harass, cause unnecessary delay or needlessly increase the cost of litigation. *Id.* at 294; Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

The improper conduct here as alleged by Defendants is Plaintiffs' citations to other cases from other courts which do not coincide with the Sixth Circuit's case in *Smith, supra,* an unpublished opinion. As noted above, because the *Smith* decision is unpublished, although persuasive, is not precedent in this Circuit to the John Doe placeholder and relation back issue. The Supreme Court has not ruled on this precise issue. Although the *Herrera* case from the Seventh Circuit was not taken up by the Supreme Court, it still remains that there is no ruling by the Supreme Court on this precise issue, and, there is no Sixth Circuit published case addressing this issue. Plaintiffs are free to argue before this Court as to the proper law on whether a John Doe place holder may be used to relate back to the filing of the complaint so that the statute of limitations does not bar claims against John Doe if the statute of limitations were to run before a John Doe is identified. This Court found against Plaintiffs on the Motion to Dismiss John Does, but that does not mean that Plaintiffs' arguments were frivolous. The Court does not so find.

The Court finds that Plaintiffs' arguments in its response to Defendants' Motion to Dismiss John Does did not infect the entire "pleading" or arguments as to the Motion to Dismiss. Also, Plaintiffs' response was not used to harass, cause unnecessary delay, or needlessly increase the cost of litigation in this case, since it was Defendants who filed the Motion to Dismiss, which required a response from Plaintiffs. The Court finds that this conduct is not so objectively unreasonable under the circumstances as to warrant sanctions under Rule 11.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Sanctions (ECF No. 31) is DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 29, 2022