UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI and TOM DJONOVIC
as Personal Representative of the Estate of
PRELA DJONOVIC,                                    Case No. 2:20-cv-12354
                                                   Hon. Denise Page Hood
        Plaintiffs,                                Mag. Judge R. Steven Whalen

vs.

SHELBY TOWNSHIP OFFICERS T. HOGAN,
~~JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,~~
~~JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,~~
~~in their individual capacities,~~ and THE CHARTER
TOWNSHIP OF SHELBY, Jointly and Severally,

        Defendants.
                                                                              /

### MOTION TO COMPEL DISCOVERY AND DISCLOSURES
### AND TO EXTEND THE SCHEDULING ORDER (ECF No. 54)

NOW COME Defendants, by and through their attorneys, Kirk, Huth, Lange

& Badalamenti, PLC, and for their Motion to Compel Discovery and Disclosures

and to Extend the Scheduling Order (ECF No. 54), state as follows:

1.      In the Amended Complaint, Plaintiffs JOHN KELMENDI and TOM

DJONOVIC, as (identified) Personal Representative of the Estate of PRELA

DJONOVIC, assert claims of unlawful search and seizure and use of excessive

force against Shelby Township Police Officer T. Hogan and unknown John Doe

Defendants along with a vague Monell claim for municipal liability against the

Charter Township of Shelby. ECF 8.

1

2.      Given the lapse of the statute of limitations without identification of the John Doe Defendants and/or the filing of an amended complaint naming them, Defendants filed a Motion to Dismiss the John Doe Defendants at ECF No. 26 and, later, a corresponding Motion for Sanctions at ECF No. 31.  After hearing, this Honorable Court dismissed the John Doe Defendants with prejudice at ECF No. 38 and took the issue of sanctions under advisement, then later denied sanctions. ECF No. 52.

3.      At various times throughout this litigation, Defendants have issued discovery which remains outstanding.

4.      Indeed, on or about 3/22/2021, a Notice for Deposition of Plaintiff Tom Djonovic, as (identified) Personal Representative of Plaintiff the Estate of Prela Djonovic, was issued. For various reasons, this deposition had been scheduled and noticed atleast four times and has still not occurred, despite several requests for availability to schedule the same since the last cancellation on or about 5/20/2022[1].  **See Exhibit A and C.**

5.      Likewise, on or about 4/5/22, Defendants issued correspondence at **Exhibit C** demanding supplemental responses to discovery from John Kelmendi and the Estate of Prela Djonovic.  The discovery was partially supplemented in

---

[1] Although prior cancellation was due to outstanding discovery responses not provided until May 2022, the last cancellation of Tom Djonovic's deposition was at request of Defense Counsel due to unexpected conflict occurring the day of and with agreement of Plaintiffs' Counsel.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

response to that correspondence, but The Estate of Prela Djonovic's Responses to Interrogatories Nos. 7-10 and Request to Produce No. 13, as shown at **Exhibit F**, remain deficient.  The Estate of Prela Djonovic's Responses to Interrogatories Nos. 7-10 and Request to Produce No. 13 are wholly non-responsive to the requests, which seek information related to medical and mental health treatment of Prela Djonovic (who claims injuries and death in this case) and seeks production of the Letters of Personal Representative and/or Authority for the Estate of Prela Djonovic.  Responses fail to provide the requested medical and mental health information and, further, fail to produce Letters of Personal Representative and/or Authority for the Estate of Prela Djonovic. Instead, reference is made to partial and incomplete medical records from select treaters for Prela Djonovic and a Last Will and Testament of Prela Djonovic was produced, the same being insufficient for the reasons set forth in *Madison v. Gen. Motors Corp., No. 06-CV-14940, 2007 WL 9752820, at \*5 (E.D. Mich. Oct. 23, 2007), report and recommendation adopted, No. 06-14940-BC, 2008 WL 11474917 (E.D. Mich. Feb. 5, 2008).*

6.     Also, on or about 4/5/2022, Defendants' Counsel through 3rd Party Records Company Minute Man Services, Inc., served various authorizations for the Release of medical, health insurance, pharmaceutical, income/tax[2], and prior

___
[2] To the extent that Plaintiffs are willing to stipulate that they are not seeking lost wages, as Plaintiff John Kelmendi's discovery responses revealed that "Kelmendi is no longer claiming economic damages as they relate to employment income" and "Djonovic is no longer claiming

automobile insurance claims and litigation records related to John Kelmendi and Prela Djonovic, for execution by Plaintiff John Kelmendi and (identified) Personal Representative for Plaintiff the Estate of Prela Djonovic. **See Exhibit B and C.** On or about 7/19/2022, additional authorizations for the release of medical records of Plaintiffs from treaters just disclosed in Plaintiffs' "Expert Disclosures" provided on or about 6/28/22 were sent to Plaintiffs' Counsel for execution by his clients. **Exhibits B, C and E.** Through apparently no fault of prior Counsel for Plaintiffs, and despite many discussions over the course of the few months that followed service of these authorizations between prior Counsel for both Plaintiffs and Defendants in attempt to obtain these authorizations, Plaintiffs entirely refused to provide any of the authorizations at Exhibit B. **Ibid**. <u>This is despite the fact that Plaintiffs' written discovery responses reveal uncertainty about where and with whom they have sought medical treatment, medical records identified as relevant by Plaintiffs reveal treatment and/or referral to treaters whose records are sought by these authorizations and, further, despite that many of the authorizations are for treaters *just identified in about July 2022 (years into this litigation)* by Plaintiffs *via their "Expert Disclosures"* and/or supplemental discovery responses (as clearly relevant)!</u> **Exhibits B, C, E and F.**

---

economic damages as they relate to Prela Djonovic's employment income", Defendants would be willing to forgo authorizations for those income/tax records.

7.     Relatedly, although subpoenaed by Plaintiffs, the deposition of Liljana Djonovic did not proceed on 4/26/2022, is desired by Defendants, and has not occurred to-date, despite several requests for mutual availability from Plaintiffs' prior Counsel after this Honorable Court held a Teleconference on or about 4/27/22 instructing that the deposition should occur at offices of Defense Counsel with all counsel and the deponent in one conference room and Plaintiffs on Zoom in separate conference room, given the deponent's fear of her (ex)husband Tom Djonovic. **See Exhibit D.**

8.     And, on the prior deadline of June 28, 2022 for Plaintiffs' Expert Disclosures, only Plaintiff Kelmendi provided "Expert Disclosures" at **Exhibit E.** Improperly, Kelmendi's June 28th Expert Disclosures identified various treaters for Kelmendi for the very first time, years into litigation.  Second, these "Expert Disclosures" failed to comport with Fed.R.Civ.P. 26.  More specifically, to the extent any experts were retained (though, on information, they were not), Plaintiffs were required but failed to provide a written report (containing a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, any exhibits that will be used to summarize or support them, the witness's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by

deposition, and a statement of the compensation to be paid). Even if unretained, the June 28th "Expert Disclosures" failed to provide any summary of facts and opinions to which the expert would be expected to testify (a problem compounded by the first-time identification of treaters in these disclosures and the ongoing refusal to provide authorizations for the release of medical records therefrom).

9.     In August 2022, Plaintiffs provided their First Amended Expert Disclosures, also, at **Exhibit E**.  Shockingly, these First Amended Expert Disclosures again revealed treaters of Plaintiff John Kelmendi for the first time ever! Authorizations for these treaters were not served upon Plaintiffs' prior Counsel, the request being futile given their prior objections to all recent authorizations, but should also be compelled.

10.     Moreover, while the First Amended Expert Disclosures at **Exhibit E** did include an excerpt or incomplete medical records from some (not all) of the treaters, these disclosures still do not comport with Rule 26, in that they fail to identify a meaningful summary of facts and opinions, or the bases for those, to which the identified experts will testify – a problem which is, again, compounded by the Plaintiffs' refusal to provide authorizations for medical records.  Although these were not due under the extended Scheduling Order until August 29, 2022, given discussions with Plaintiffs' prior Counsel, Defense Counsel had serious

doubts that disclosures in compliance with Rule 26 will be provided at that time. The time has since elapsed without those Rule 26 disclosures being provided.

11. Given the need to conduct depositions, as set forth herein, and obtain third-party and medical records ahead of expert disclosures, the scheduling order deadlines set forth at ECF No. 41 were extended by the stipulated order at ECF No. 42.

12. In August 2022, given the then-recent identification of treaters by Plaintiffs for the first time ever in July-August 2022, the continued refusal to provide authorizations for relevant medical and other third-party records, the need to schedule and conduct depositions (including a party-deposition) and obtain full and complete written discovery responses, the anticipated need for Plaintiff John Kelmendi to undergo an IME (if appropriate, which can only be determined after medical records are received and reviewed by defense-experts and will likely require a court order), and the then-anticipated motion for withdrawal by Plaintiffs' attorney, Defendants filed their Motion to Compel Discovery and Disclosures and Extend the Scheduling Orders at ECF No. 41-42.

13. Attorney S. Kustra, prior Counsel for Plaintiffs, immediately filed his Motion to Withdraw as Counsel for Plaintiffs at ECF No. 44. Plaintiffs, then his clients, opposed his withdrawal at ECF No. 46 and hearing on the Motion was scheduled for late September 2022 pursuant to ECF No 45 and 47.

14.    While the Defendants' Motion to Compel and Extend at ECF No. 43 and S. Kustra's Motion for Withdrawal at ECF No. 44 remained pending August 2022 through February 2023, Counsel agreed to further extend the Scheduling Order deadlines by the Stipulated Orders at ECF Nos. 52 and 54 given Plaintiffs' prior Counsel's inability to effectively represent his clients while his Motion for Withdrawal as Counsel remained pending.  For the same reasons, the Stipulation at ECF No. 54 issued a stay of proceedings pending the Court's decision on the pending motions.

15.    On 2/27/2023, this Court's Order Granting Attorney Kustra's Motion to Withdraw issued.  ECF No. 55.  Therein, this Court instructed:

> Given that the parties agreed to a stay in this matter and pending any new counsel appearance, the Court denies without prejudice Defendants' Motion to Compel (ECF No. 43). If new counsel files an appearance by April 7, 2023, Defendants may refile their Motion to Compel thereafter. If no new counsel files an appearance by April 7, 2023, Defendants may refile their Motion to Compel thereafter and serve Plaintiffs with the motion at the address provided by previous counsel as noted above. ECF No. 55.

16.    By this time, however, Plaintiffs had filed a Retaliation Case against Shelby Township and its Code Inspector Carol Septer and Officer Guaresimo, being United States District Court Case No. 2:22-cv-12393.  It had been reassigned and was still in its infancy when the Court Order at ECF No. 55 in this case issued. A scheduling conference was held in March 2023 and while awaiting the same, given how litigious these Plaintiffs are (this is the third known lawsuit filed by one

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

or more of these Plaintiffs against Shelby Township within the last approximately 5 years known to undersigned counsel), she was apprehensive about contacting them without their having representation.

17.     Not surprisingly, no counsel had appeared in this case for Plaintiffs by April 7, 2023.

18.     However, sometime thereafter, Defense Counsel learned that Plaintiff Tom Djonovic filed Macomb County Circuit Court Case No. 2023-273-NI against Utica Van Dyke Towing arising out of the same or similar incidents which form the factual predicate for claims in the United States District Court Case No. 2:22-cv-12393. However, Djonovic is represented by counsel in the Macomb County Circuit Court Case.  Defense Counsel learned this much from counsel for Utica Van Dyke Towing, who called requesting documentation pertaining to the incident.  After discussion, the undersigned counsel believed that the same attorney representing Djonovic in the Circuit Court case would be appearing in United States District Court Case No. 2:22-cv-12393 and possibly this case also.

19.     After waiting some time for Djonovic's counsel to appear and that not happening, in late April 2023, Plaintiffs filed a Motion to Consolidate the above-captioned case with United States District Court Case No. 2:22-cv-12393 in United States District Court Case No. 2:22-cv-12393 at ECF No. 25.  Defendants filed their response in opposition at ECF No. 28 and awaited this Court's decision

9

regarding the outcome of both cases while still believing that Djonovic's attorney may appear in the event of consolidation.  This Court issued its Order denying Plaintiff's Motion to Consolidate in United States District Court Case No. 2:22-cv-12393 at ECF No. 34 on or about June 28, 2023.

20.     Though Defense Counsel has been wary about contacting Plaintiffs, unsure of whether or not their counsel for state court claims would appear herein, the undersigned counsel – who wanted to ensure her Motion to Compel would be granted – decided the best course of action  was not to simply refile the earlier Motion to Compel and Extend at ECF No. 43 but to provide these pro se Plaintiffs with an opportunity to provide the requested discovery ahead of refiling her motion to compel so that they could not claim their prior counsel (whom they clearly had serious dispute with) did not provide said discovery requests to them.

21.     Accordingly, in early May 2023, Defense Counsel served and re-served Plaintiffs with various authorizations for medical and third party records for use in this case and the latter case filed by Plaintiffs. **Exhibit G.**

22.     On or about June 30, 2023, Defense Counsel received notice from third-party records service provider Minute Man, Inc. that rather than provide Defense Counsel with the authorizations for third-party records of Plaintiffs which Defense Counsel requested in May 2023, Plaintiffs felt it appropriate to provide self-limited authorizations (largely denying Defendants' rights to relevant

discovery) on Minute Man, Inc. and that because of this, Minute Man, Inc. would not be able to serve record requests and obtain third-party records with these limited authorizations for Defendants' use. **Exhibit H.** What's clear from discovery is that Plaintiffs do not recall all of their medical treaters, **See e.g. Exhibit F.** For example, without spending a ridiculous amount of time to re-identify each of Plaintiff's medical treaters and where Defendant learned of said treatment:

- Plaintiff John Kelmendi refused to return an authorization for Basha Diagnostics. This treater was identified in his medical records from Associates in Family Practice – Sterling Heights locations, pp. 430-435;

- Plaintiff John Kelmendi refused to return an authorization for Worker's Compensation Agency. His workman's compensation was identified throughout discovery, in legal documents and in his medical records from Associates in Family Practice – Sterling Heights locations, p. 150;

- Plaintiff John Kelmendi refused to return an authorization for Biotech Clinical Laboratories. This treater was identified in his medical records from Associates in Family Practice – Sterling Heights locations, pp.399-407 and his Medicare Part A & B records, pp. 4, 5, 9, 10, 11, 12, 13;

- Plaintiff John Kelmendi refused to return an authorization for records update (6/1/2022 to present) from Dr. William Kole. This treater was identified in his medical records from Associates in Family Practice – Sterling Heights locations, pp. 139, 142, 190, 234, 256, 260 and 392 and we know he treated with Dr. Kole because we have already received records of treatment with Dr. Kole through 6/1/2022;

- Though Plaintiffs claim Prela Djonovic, deceased, passed away as a result of the incident that is the subject of this lawsuit, Plaintiffs refused to provide authorizations for the release of records from Beaumont Home Health and Hospice claiming "we never used them", This treater was

identified in Prela Djonovic's medical records from Beaumont Hospital Troy, pp. 623, 1021, 1552, 1777, 1783;

- Both Plaintiffs refused to return authorizations for release of records from Meijer Inc. Pharmacy, claiming "we never used them", though the same was previously identified as their pharmacy and in Prela Djonovic's medical records from Beaumont Hospital Troy, pp. 913, 967, 1101, 1659;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from the Center for Digestive Health, claiming "I don't know", though this was identified as his treater in Beaumont Hospital-Troy-Medical Records, pp. 61 ad 97;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Premier Surgical Specialists, claiming "I don't know", though this was identified as his treater in Beaumont Hospital-Troy-Medical Records, pp. 74 and 112, as well as his records from Medicare – Part A & B (Medicare Beneficiary Claims), p. 3;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Beaumont Northpointe Heart Center, claiming "we never used", though this was identified as his treater in Beaumont Hospital-Troy-Medical Records, pp. 1556;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Shelby Township Fire/EMS, claiming "I don't know", though this was identified as his treater in his records from Medicare – Part A & B (Medicare Beneficiary Claims), p. 3;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Halalau, Bogdan MD, claiming "we never used them", though this was identified as his treater in Beaumont Hospital-Troy-Medical Records, pp. 16, 53, 101, 103, 116, 521, 1742, 2238, 2260, 2327;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Oakland Eye Clinic, claiming "we never used them", though this was identified as his treater in his records from Medicare – Part A & B (Medicare Beneficiary Claims), p. 7;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Dawood Farah, Farah, MD, claiming "we never used them", though

12

this was identified as his treater in his records from Medicare – Part A & B (Medicare Beneficiary Claims), p. 10;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Michigan Institute of Urology/Main, claiming "we never used them", though this was identified as his treater in his records from Beaumont Hospital – Troy, pp. 1788 and 2327 and Medicare – Part A & B (Medicare Beneficiary Claims), pp. 6, 9, 10 and 11;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Hospital Consultants, PC/Main, though this was identified as his treater in his records from Beaumont Hospital – Troy, pp. 611, 824, 853, 1018, 1542, 1767, 2003, 2007, 2019, 2024, 2264, 2493, 2581, 2780, 2872 and 3095 and his records from Medicare – Part A & B (Medicare Beneficiary Claims), pp. 3, 4, 5, 6, 10, 11, 12, 13, 14;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Medtronic, Inc., though this was identified as a medical device supplier in his records from Beaumont Hospital – Troy, pp. 10, 14, 40, 49, 62, 72, 76, 84, 606, 612, 627, 644, 663, 664-677, 680, 779-792, 819, 825 and others;

- Plaintiffs refused to return an authorization for Prela Djonovic's records from Pulmonary and Critical Care Associates, PC/Main, though this was identified as his treater in his records from Beaumont Hospital – Troy, pp. 80, 105, 2273, 2320 and 2502 and and his records from Medicare – Part A & B (Medicare Beneficiary Claims), pp. 3 and 9; and

- Plaintiffs also refused to return IRS Authorizations, which all citizens must file taxes and provide earnings information;

23.     There is a basis for each and every discovery request made in this case and all authorizations are relevant and necessary herein- where Plaintiffs waived any claim of medical privilege and as shown above, where Plaintiffs completely lack accurate knowledge of with whom and for what they sought medical treatment.

24.     In early-mid July 2023, Defense Counsel also issued correspondence to Plaintiffs requesting they make contact to provide availability for Mr. Djonovic's deposition.   Therein, Defense Counsel also requested concurrence in the relief sought by this Motion.  **EXHIBIT I.**

25.     Rather than respond in any meaningful way to Defense Counsel, Plaintiffs apparently failed and/or refused to provide availability for depositions – though they clearly received Defense Counsel's Correspondence at **Exhibit I** – because on July 21, 2023 and again on August 15, 2023, Plaintiffs filed their objections to an extension of the Scheduling Order at **ECF No. 58-59**, arguing baselessly that their prior counsel had already provided a number of discovery extensions, without acknowledging that those extensions largely covered times when their prior counsel had already made clear he would be filing a motion to withdraw (ECF NO. 42), after he filed a Motion to Withdraw (ECF No. 53) and while a stay was in place (ECF 54 and 55), preventing discovery from occurring. The objections, also, completely ignore that Plaintiffs – who have to meet their burden and prosecute this case – have entirely failed to provide relevant and necessary discovery and proper expert disclosures at any time.

26.     Without counsel to represent Plaintiffs and keep Tom Djonovic separated from his (ex)wife Liljana Djonovic, as previously instructed by this Court given her fear of Djonovic and possible PPO between the two, the

undersigned counsel has also been unable to schedule the deposition of Liljana Djonovic and needs a remedy for how the same will proceed.

27.    Still, the deposition of Tom Djonovic as Personal Representative of the Estate of Prela Djonovic, mutual availability for (and instructions for how to proceed with) the deposition of Liljana Djonovic, any and all authorizations necessary to obtain medical records of Plaintiff John Kelmendi and/or Prela Djonovic including but not limited to those at **Exhibit B and G**, Full and Complete Responses to Interrogatories Nos. 7-10 and Request to Produce No. 13 from the Estate of Prela Djonovic, and Expert Disclosures that comport with Fed.R.Civ.P. 26 are outstanding and must be compelled from Plaintiffs by this Honorable Court.

28.    Indeed, pursuant to Fed. R. Civ. P. 34, a party who is served with a request for production of medical or other information must furnish the requesting party with signed authorizations to enable the requesting party to obtain the information requested.   This Court has authority pursuant to Fed. R. Civ. P. 37(a)(1) to compel Plaintiff to provide executed, original authorizations in order to obtain medical and other third-party records within seven (7) days.

29.    This Court also has authority pursuant to Fed.R.Civ. P. 33, 34 and 37(a)(1) to compel full and complete responses to Interrogatories Nos. 7-10 and Request to Produce No. 13 from the Estate of Prela Djonovic within 7 days or on

15

another appropriate timeframe – but certainly ahead of the deposition of Tom

Djonovic as (identified) Personal Representative of the Estate of Prela Djonovic.

30.    This Court has authority pursuant to Fed.R.Civ.P. 30 and 37(a)(1) to

compel the deposition of Tom Djonovic, as (identified) Personal Representative of

the Estate of Prela Djonovic, to occur within 30days or within another appropriate

timeframe.  Under the same authority, this Court should also compel mutual

availability for the deposition of non-party Liljana Djonovic from Plaintiffs and/or

their Counsel.

31.    Finally, pursuant to Fed.R.Civ.P. 26(a)(2) and (e) and Fed.R.Civ.P.

37(a)(1), this Court has authority to compel Expert Disclosures from Plaintiffs that

comport with the requirements of Fed.R.Civ.P. 26(a)(2).

32.    Fed. R. Civ. P. 37(a)(5)(A) further provides that a party who fails to

permit discovery or make disclosures, thereby necessitating a Motion to Compel,

shall pay the reasonable expenses incurred in obtaining the Order to Compel,

including attorney fees, if the motion is granted and unless the court finds that the

opposition to the motion was substantially justified or that other circumstances

make an award of expenses unjust. Costs and attorney fees should certainly be

awarded here where discovery is entirely stalled due to the baseless objections of

Plaintiffs to authorizations for relevant records, delay in providing written

discovery responses and scheduling party and non-party depositions, and given the

lacking expert disclosures which shockingly revealed medical treaters of the Plaintiffs for the first time ever years into litigation despite Plaintiffs continued refusals over the course of the past several months to provide meaningful discovery.

33.   Given all of the foregoing, a 90-day extension to all dates in the Scheduling Order at ECF No. 54 is now appropriate. This Court has authority pursuant to Fed. R. Civ. P. 16(b)(4) to extend the deadlines contained in its Scheduling Order at ECF No. 54.

34.   However, the undersigned Counsel has also just been made aware – through firm research – that the Estate of Prela Djonovic (though the undersigned counsel questions whether an Estate was ever even properly opened and authorized in the Probate Court given the lack of discovery produced to date to show the same which would undermine Plaintiff Estate's standing to sue under MCL 700.3614 and require dismissal of the Estate's claims where the statute of limitations has lapsed) must be represented by counsel. *Shenkman v Bragman*, 261 Mich App 412, 416 (2004).  This basis further makes entry of another stay, pending appearance of counsel for the Estate, and extension of the Scheduling Order appropriate – as Defense Counsel is without instruction at this time about how to proceed given her newly acquired knowledge about the need for counsel to appear herein.

35.    On various dates, as shown in **Exhibit C, G, and I**, Counsel for Defendants sought concurrence in the relief requested by this Motion in compliance with Local Rule 7.1., but did not receive the same.

36.    Finally, given the deadlines set forth within the Scheduling Order at ECF No 54, time is of the essence and Defendants request this Motion be decided without oral argument pursuant to Local Rule 7.1(f).

**WHEREFORE** Defendants respectfully request this Honorable Court to enter an Order: (A) Requiring Plaintiff to return any and all executed Authorizations requested by Defendants to Counsel for Defendants, including those at Exhibit B, G and H and those authorizations to be sent in regards to treaters disclosed by Plaintiffs in August 2022, within seven (7) days or other appropriate timeframe; (B) Requiring Tom Djonovic, as identified Personal Representative of the Estate of Prela Djonovic, to appear for deposition within 30 days or other appropriate timeframe; (D) Requiring mutual availability for the purpose of re-scheduling the deposition of Liljana Djonovic to be provided within 30 days or other appropriate timeframe, together with instructions regarding how this deposition should proceed; (E) Requiring full and complete responses to Interrogatories Nos. 7-10 and Request to Produce No. 13 from the Estate of Prela Djonovic within 7 days or other appropriate timeframe; (F) Requiring Expert Disclosures from Plaintiffs that comport with all requirements of Fed.R.Civ.P.

26(a)(2) from Plaintiff within 30 days or other appropriate timeframe; (G) Extending the deadlines set forth in ECF No. 54 by a period of 90days or other appropriate timeframe; (H) Entering a stay and extending all deadlines, pending appearance of Counsel for Plaintiff Estate of Prela Djonovic, and requiring production of discovery and disclosures sought herein within 7-30 days of Counsel's appearance; (I) Dismissing Plaintiff Estate's claims in their entirety and with prejudice if Counsel does not appear on behalf of the Estate within a timeframe to be set by the Court; (J) Dismissing Plaintiffs' claims in their entirety and with prejudice as sanctions if discovery is not produced in accordance with the Court Order to issue; (K) Awarding Defendants the costs and attorney fees incurred in having to file this Motion; and (L) Awarding any other relief as may be appropriate.

## BRIEF IN SUPPORT

In support of their foregoing Motion, Defendants rely upon Fed. R. Civ. P. 16, 26, 30, 33, 34, 37, Local Rule 7.1 and the discretion and authority of this Honorable Court and the legal authorities and factual bases provided in the Motion.

**WHEREFORE** Defendants respectfully request this Honorable Court to enter an Order: (A) Requiring Plaintiff to return any and all executed Authorizations requested by Defendants to Counsel for Defendants, including those at Exhibit B, G and H and those authorizations to be sent in regards to

treaters disclosed by Plaintiffs in August 2022, within seven (7) days or other appropriate timeframe; (B) Requiring Tom Djonovic, as identified Personal Representative of the Estate of Prela Djonovic, to appear for deposition within 30 days or other appropriate timeframe; (D) Requiring mutual availability for the purpose of re-scheduling the deposition of Liljana Djonovic to be provided within 30 days or other appropriate timeframe, together with instructions regarding how this deposition should proceed; (E) Requiring full and complete responses to Interrogatories Nos. 7-10 and Request to Produce No. 13 from the Estate of Prela Djonovic within 7 days or other appropriate timeframe; (F) Requiring Expert Disclosures from Plaintiffs that comport with all requirements of Fed.R.Civ.P. 26(a)(2) from Plaintiff within 30 days or other appropriate timeframe; (G) Extending the deadlines set forth in ECF No. 54 by a period of 90days or other appropriate timeframe; (H) Entering a stay and extending all deadlines, pending appearance of Counsel for Plaintiff Estate of Prela Djonovic, and requiring production of discovery and disclosures sought herein within 7-30 days of Counsel's appearance; (I) Dismissing Plaintiff Estate's claims in their entirety and with prejudice if Counsel does not appear on behalf of the Estate within a timeframe to be set by the Court; (J) Dismissing Plaintiffs' claims in their entirety and with prejudice as sanctions if discovery is not produced in accordance with the Court Order to issue; (K) Awarding Defendants the costs and attorney fees

20

incurred in having to file this Motion; and (L) Awarding any other relief as may be

appropriate.

Respectfully submitted,
**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By:    s/Elizabeth P. Roberts
            ELIZABETH P. ROBERTS (P76017)
            Email: eroberts@KirkHuthLaw.com
            Attorneys for Defendants
            19500 Hall Road, Suite 100
            Clinton Township, MI  48038

Dated:  August 16, 2023       (586) 412-4900

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants in this case and **MAILED, via First Class Mail**, the foregoing paper to TOM DJONOVIC and JOHN KELMENDI, Plaintiffs in Pro Per, at their respective address, as disclosed by the pleadings:  8895  24 Mile Road, Shelby Twp., MI  48316.

s/Elizabeth P. Roberts
ELIZABETH P. ROBERTS (P76017)
