UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN KELMENDI and TOM
DJONOVIC, as Personal Representative
of the Estate of PRELA DJONOVIC,

      Plaintiffs,                         Case No. 2:20-cv-12354
                                        District Judge Denise Page Hood
v.                                  Magistrate Judge Kimberly G. Altman

T. HOGAN and CHARTER TOWNSHIP
OF SHELBY,

      Defendants.
_____/

## ORDER
## RESOLVING PLAINTIFFS' MOTION FOR
## CLARIFICATION OF ORDERS (ECF No. 77)
## AND
## DENYING AS MOOT DEFENDANTS'
## MOTION TO STRIKE SUR-REPLY (ECF No. 70)
## AND
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
## OF ORDER VACATING ORDER TO SHOW CAUSE (ECF No. 75)
## AND
## SETTING FORTH THE METHOD FOR
## DEPOSITION OF LILJANA DJONOVIC
## AND
## CAUTIONING PLAINTIFFS REGARDING
## THEIR DISCOVERY OBLIGATIONS[1]

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983.  In the amended complaint, plaintiffs John Kelmendi (Kelmendi) individually and Tom Djonovic (Tom) as personal representative of the Estate of Prela Djonovic (Prela or the Estate),[2] assert claims arising under the Fourth and Fourteenth Amendments against T. Hogan (Hogan)[3] as well as a *Monell* claim against the Charter Township of Shelby (Shelby Township).  In broad terms, plaintiffs allege that Hogan and other Shelby Township police officers illegally entered Prela's home and used excessive force against plaintiffs.  Prela died from the injuries that he sustained during this incident.  *See* ECF No. 8.  All pretrial matters excluding dispositive motions have been referred to the undersigned.  (ECF No. 62).

Before the Court are plaintiffs' motion for clarification of orders, (ECF No. 77), defendants' motion to strike plaintiffs' sur-reply, (ECF No. 70), and defendants' motion for reconsideration of the order vacating the order to show cause, (ECF No. 75).  For the reasons stated below, plaintiffs' motion for clarification will be RESOLVED.  Defendants' motion to strike will be DENIED AS MOOT.  Defendants' motion for reconsideration will be DENIED.

---

[2] Tom and Prela are referred to by their first names because they share the same last name.

[3] Plaintiffs' claims against various John Does have been dismissed since the filing of the amended complaint.

2

Additionally, the Court will set forth the method to be used when conducting the deposition of Liljana Djonovic, and will caution plaintiffs regarding their discovery obligations.

## II.     Motion for Clarification (ECF No. 77)

In their motion for clarification, plaintiffs express confusion over the undersigned saying in previous orders that plaintiffs "assert claims arising under the Fourth and Fourteenth Amendments against T. Hogan (Hogan) and various John Does who have since been dismissed as well as a *Monell* claim against the Charter Township of Shelby (Shelby Township)." This summarization indicates that plaintiffs' claims against any and all John Does have been dismissed, *not* that their *Monell* claim against Shelby Township has been dismissed. The *Monell* claim remains pending at this time. This RESOLVES plaintiffs' motion for clarification.

## III.     Motion to Strike Sur-Reply (ECF No. 70)

Defendants' first motion concerns a sur-reply filed by plaintiffs in opposition to an earlier motion of defendants. The timeline of relevant filings is as follows:

- ❖ **August 16, 2023** → Defendants' Motion to Compel and Extend Discovery as Corrected with Exhibits (ECF No. 61)
- ❖ **August 29, 2023** → Defendants' Reply to Response (ECF No. 63)

❖ **September 5, 2023** → Plaintiffs' Response (ECF No. 65)

❖ **September 15, 2023** → Order Granting in Part and Denying in Part Defendants' Motion (ECF No. 67)

❖ **September 18, 2023** → Plaintiffs' Sur-Reply (ECF No. 69)

❖ **September 29, 2023** → Defendants' Motion to Strike Sur-Reply (ECF No. 70)

As evidenced by the above timeline, the Court ruled on defendants' motion to compel and extend discovery before plaintiffs filed their sur-reply. Accordingly, the Court did not consider the sur-reply when ruling on the motion. Therefore, defendants' motion to strike the sur-reply will be DENIED AS MOOT. Going forward, plaintiffs are reminded that under the Eastern District of Michigan Local Rules, they must obtain leave of Court before filing a sur-reply.

IV.    Motion for Reconsideration (ECF No. 75)

A.    Legal Standard

Motions for reconsideration of non-final orders must be filed within 14 days after entry of the order, as defendants have done here. E.D. Mich. LR 7.1(h)(2). Although motions for reconsideration of non-final orders are disfavored, they may be granted upon the following grounds:

(A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B)  An intervening change in controlling law warrants a different outcome; or

(C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.*

B.    Analysis

Here, defendants seek reconsideration, arguing that the Court erred when it vacated the order to show cause on the issue of Tom's ability to represent the Estate while proceeding *pro se*.  They argue that Tom must produce Letters of Personal Representative to demonstrate that he is legally authorized to bring claims on behalf of the Estate.  However, defendants have not provided federal caselaw holding that this is an affirmative requirement.[4]  Moreover, the Court does not believe raising this issue in the context of a discovery motion is appropriate.

In the Sixth Circuit, whether an individual can represent an estate while proceeding *pro se* is an issue of standing.  *See Matthews v. City of Memphis*, No. 2:14–cv–02094, 2014 WL 3049906, at *4-5 (W.D. Tenn. July 3, 2014) (dismissing a plaintiff's claim purportedly brought on behalf of an estate, noting that the plaintiff "had not alleged that he is the appointed representative" of the estate and had failed to meet other criteria).  A defendant challenging whether a plaintiff has

---

[4] Defendants rely on *Madison v. Gen. Motors Corp.*, No. 06-CV-14940, 2007 WL 9752820, at *5 (E.D. Mich. Oct. 23, 2007); however, that case dealt specifically with a wrongful death action under Michigan law, which is distinguishable from the federal law claims at issue here.

5

standing typically does so by brining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *See, e.g.*, *Bowles v. Whitmer*, No. 22-11311, 2023 WL 2719427, at *3 (E.D. Mich. Mar. 30, 2023) ("Defendants first argue the Court lacks subject matter jurisdiction over Plaintiffs' claims because they lack standing."); *Shepherd v. Cancer & Hematology Ctrs. of W. Mich., P.C.*, No. 1:22-cv-734, 2023 WL 4056342, at *1 (W.D. Mich. Feb. 28, 2023) ("Defendant . . . has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because Plaintiff lacks standing to pursue the claims alleged in her complaint, the Court lacks subject matter jurisdiction over this matter, and it must dismiss this case.").  However well-taken defendants' arguments as to the ability of Tom to represent the Estate may be, they should be raised in a separately filed motion to dismiss.  If defendants file such a motion, plaintiffs will be given an opportunity to file a response and the district court will be better equipped to rule on the motion.

Overall, defendants have not met the standard for reconsideration in the context of the order vacating the order to show cause.  As such, defendants' motion for reconsideration will be DENIED.

## V.    Deposition of Liljana Djonovic

Defendants have mentioned in numerous filings that they plan to depose Liljana Djonovic but believe there may be a Personal Protection Order (PPO) in place preventing her and Tom from being in the same room together.  However, in

their most recent filing, defendants state that there is no longer an active PPO between these two individuals and that Liljana Djonovic does not object to Tom appearing virtually at her deposition.  (ECF No. 75, PageID.1347).  Defendants note that they believe plaintiffs object to the deposition, which will make scheduling it difficult.  (*Id.*).

Given the contentious relationship between Liljana Djonovic and Tom, the Court finds that the best course of action is for her deposition to be conducted via video teleconferencing technology such as Zoom.

## VI.    Caution and *Pro Se* Resources

The Court reminds plaintiffs that they have been ordered to comply with defendants' discovery requests and that a party's "*pro se* status, in and of itself, does not entitle[] him to disregard the federal or local rules, or the orders of this court."  *Sandweiss Law Ctr., P.C. v. Bunting*, No. 2:07-CV-10099, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007).  **Plaintiffs are CAUTIONED that they may face sanction, up to and including the dismissal of this lawsuit if they continue to refuse to comply with their discovery obligations, including with regard to the deposition of Liljana Djonovic, and orders of the Court.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).**

Finally, the Court encourages plaintiffs to utilize the resources available to *pro se* litigants in the Eastern District of Michigan.  Their attention is directed to

7

the Representing Yourself tab on the Court's website, www.mied.uscourts.gov.

The Court also suggests that they seek assistance from either the *Pro Se* Case

Administrator or the University of Detroit Mercy Law School Federal *Pro Se*

Legal Assistance Clinic. The *Pro Se* Case Administrator can be reached by

telephone at (313) 234-5025 or email at richard_loury@mied.uscourts.gov. The

*Pro Se* Legal Assistance Clinic can be reached by telephone at (313) 234-2690 or

email at proseclinic@udmercy.edu. The clinic is open on Monday, Wednesday,

and Friday from 1 p.m. to 5 p.m.

## VII.   Conclusion

For the reasons stated above, plaintiffs' motion for clarification, (ECF No.

77), is RESOLVED. Defendants' motion to strike plaintiffs' sur-reply, (ECF No.

70), is DENIED AS MOOT. Defendants' motion for reconsideration of the order

vacating the order to show cause, (ECF No. 75), is DENIED. Further, the parties

shall follow the method set forth above to conduct the deposition of Liljana

Djonovic. Finally, plaintiffs are CAUTIONED regarding their discovery

obligations as noted above.

SO ORDERED.

Dated: October 17, 2023                    s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
