UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI, and
TOM DJONOVIC, as Personal
Representative of the
Estate of PRELA DJONOVIC,

       Plaintiff,                          Case No. 20-cv-12354

v.                                          HON. MARK A. GOLDSMITH

T. HOGAN et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 101), (2) GRANTING DEFENDANTS' MOTION TO DISMISS AS A DISCOVERY SANCTION (Dkt. 86), (3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (Dkt. 88), (4) WITHDRAWING REFERRAL TO MAGISTRATE JUDGE (Dkt. 85), AND (5) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (Dkt. 95)**

       The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on April 30, 2024 (Dkt. 101). In the R&R, the magistrate judge recommends that the Court grant Defendants Terrance Hogan and the Charter Township of Shelby's motion to dismiss or bar claims of injury/death and medical testimony as a discovery sanction (Dkt. 86), deny as moot Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or motion for summary judgment (Dkt. 88), and deny as moot Defendants' motion to strike (Dkt. 95). Plaintiffs John Kelmendi (John) individually and Tom Djonovic (Tom) as personal representative of the

1

Estate of Prela Djonovic (Prela) timely filed an objection to the R&R (Dkt. 102), and Defendants filed a response to Plaintiffs' objection (Dkt 103).[1]

For the reasons stated below, the Court (i) adopts the magistrate judge's recommendation (Dkt. 101); (ii) grants the motion to dismiss Plaintiffs' amended complaint as a sanction (Dkt. 86); (iii) denies Defendants' motion to dismiss and for summary judgment (Dkt. 88) as moot; (iv) withdraws its order referring this case to the magistrate judge (Dkt. 85); and (v) denies Defendants' motion to strike (Dkt. 95) as moot.

## I. BACKGROUND

The relevant factual background is set forth in the magistrate judge's R&R. See R&R at 3–9. In short, Plaintiffs assert a number of constitutional violations premised on Plaintiffs' allegation that "Hogan and other Shelby Township police officers illegally entered Prela's home and used excessive force against Prela and [John] Kelmendi." Id. at 2.

On January 12, 2018, Tom's then-wife Liljana Djonovic requested that officers assist her in retrieving items from the home because Tom had ejected her from the home the day before. Id. at 4. After the incident, Liljana was afraid to enter the home because Tom had "threatened to kill anyone that came to the house." Id. (punctuation modified). At the time of the incident, Prela, John, Tom, and Liljana had been living together at Prela's home. Id.

When Township police officer Hogan and several other officers arrived to escort Liljana into the home, Tom opened the door and stated that Liljana did not live there and

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

2

had no belongings at the home. Id. at 5. According to Defendants, Tom shut the door and repeatedly refused to reopen the door to permit officers access to the home. Id. At one point, officers told Tom that Liljana's identification card stated that she lived at the home. Id. at 6. Officers then asked Liljana whether they had her permission to enter, and Liljana responded in the affirmative. Id. When officers finally entered the house, John objected and bumped into Hogan. Id. Hogan told John not to touch him, at which point John began accusing Hogan of pushing him. Id. at 6. Prela stood behind John at the time the officers entered the home. Id. According to Defendants, no one saw anyone touch Prela during the interaction. Id. Defendants submit that officers and Liljina left the house shortly after officers escorted Liljana upstairs to pack her belongings in a suitcase. Id. at 7.

Plaintiffs assert a far different recounting of events. They maintain that, before officers left the home, Hogan and another officer slammed John against the wall, causing him to lose consciousness. Id. at 8. Plaintiffs allege that, when John regained consciousness, he saw two officers holding Prela and another attacking him. Id. at 9.

A short time later, after officers left the house, John arrived at the Township police station and demanded to speak to the shift supervisor. Id. Defendants assert that John and Lieutenant Daniel went into an interview room and discussed the incident. Id. Plaintiffs allege that John attempted to file a report at the police station but was not permitted to do so. Id. at 9.

Plaintiffs allege that John and Prela sustained serious injuries as a result from the alleged altercation with officers. See Am. Compl. ¶ 45. Almost one year after this incident, on January 9, 2019, Prela died. The causes of death were septic shock, multiorgan failure, and acute cholecystitis (inflammation of the gall bladder). R&R at 7–8 (citing Death

3

Certificate (Dkt. 88-10)). Plaintiffs' amended complaint asserts several constitutional violations and a wrongful death action stemming from the alleged incident. See Am. Compl. ¶¶ 34–38.

Defendants moved for dismissal as a sanction for Plaintiffs' repeated refusals to sign authorizations for release of health records. R&R at 13. Plaintiffs assert that they have provided the authorizations. Id. (citing Pls. Resp. to Mot. to Dismiss as Sanction (Dkt. 91)). However, Defendants have pointed out that the authorizations submitted by Plaintiffs were not actually signed. Id. (citing Defs. Reply in Supp. Mot. to Dismiss as Sanction (Dkt. 92)). The R&R recommends the Court grant Defendants' motion to dismiss as a sanction.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

Plaintiffs have asserted five objections to the R&R.[2] See Obj.

Plaintiffs first objection is that the magistrate judge erred in recommending the Court grant dismissal as a discovery sanction because Plaintiffs submitted some releases to their attorneys—who have since withdrawn in this case—and whom Plaintiffs assert

---

[2] Plaintiffs appear to have misnumbered their objections. Although Plaintiffs' final objection is identified as "Objection 4," it is actually the fifth objection. See Obj. at PageID.2007–20015.

4

may have "refused to give Plaintiffs their complete files . . . [and] may or may not have turned the releases to Defendants." Id. at PageID.2007–2008. As the Court discusses below, Plaintiffs' objection is without merit.

Plaintiffs have engaged in a "steadfast refusal to provide signed authorizations in the face of multiple requests from the Court's orders . . . ." R&R at 20. The R&R sets out Plaintiffs' history of delinquency. See id. at 15–19.

On September 15, 2023 the magistrate judge granted Defendants' motion to compel Plaintiffs to produce the signed authorizations within seven days of the order. 9/15/23 Order at 6–7 (Dkt. 67). Plaintiffs failed to comply with the Court's order. See R&R at 18–19. The same authorizations were the subject of motions to compel in companion cases asserted by Plaintiffs. See Djonovic v. Septer, 22-cv-12393, 8/24/23 Order Granting Defs. Mot. to Compel (Dkt. 43).[3] In that case, Magistrate Judge Altman granted the defendants' motion to compel production of the medical authorizations and further found that "plaintiffs have not been responsive to defendants' request for authorizations or deposition dates." Id. at 4. In a later order in this case, Magistrate Judge Altman again warned Plaintiffs about complying with their discovery obligations:

---

[3] As set forth in the R&R:
> In Djonovic, the plaintiffs (Tom and Kelmendi) alleged that Shelby Township and others began retaliating against them after they filed the instant lawsuit. The case was referred to the undersigned for all pretrial matters. The defendants filed a motion to dismiss, that the undersigned recommended granting. The Report and Recommendation was adopted to the extent that the undersigned recommended dismissal with prejudice of the federal claims but rejected to the extent that it recommended dismissal with prejudice, rather than without prejudice, of the state law claims. Plaintiffs appealed and that appeal is currently pending before the Sixth Circuit.

R&R at 16, n.5 (punctuation modified).

5

> The Court reminds plaintiffs that they have been ordered to comply with defendants' discovery requests and that a party's "pro se status, in and of itself, does not entitle[] him to disregard the federal or local rules, or the orders of this court." Sandweiss Law Ctr., P.C. v. Bunting, No. 2:07-cv-10099, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007). **Plaintiffs are CAUTIONED that they may face sanction, up to and including the dismissal of this lawsuit if they continue to refuse to comply with their discovery obligations, . . . and orders of the Court**. See Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

10/17/23 Order (Dkt. 78) (emphasis original).

Despite Magistrate Judge Altman's multiple orders and repeated warnings, Plaintiffs continued to refuse to provide the signed authorizations. While Plaintiffs assert that "as a matter of provable fact they [c]omplied with every discovery [o]rder requiring them to sign [m]edical [r]eleases . . .," Obj. at PageID.2007, their own filings belie this assertion. As the R&R explains, Plaintiffs have admitted to failing to sign the releases. See R&R at 20 ("To the extent that [P]laintiffs contend they have signed all the authorizations, their own response belies this contention. Attached to [Plaintiffs' motion to dismiss] are numerous authorizations that are unsigned . . . .") (citing Pl. Resp. to Mot. to Dismiss (Dkt. 91-1)).

"Courts may dismiss a plaintiff's complaint as a sanction for violating discovery orders, procedural rules, or court orders." Vickers v. Mt. Morris Twp. Police Dep't, No. 19-12250, 2022 WL 4820423, at *2 (E.D. Mich. Aug. 17, 2022), report and recommendation adopted sub nom. Vickers v. Mt. Morris Twp., No. 19-cv-12250, 2022 WL 4715589 (E.D. Mich. Sept. 30, 2022). "Although dismissal is a severe sanction, it is within a court's discretion. Four factors guide whether dismissal is proper: (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned

6

that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. "Where a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such callous disregard of discovery orders justifies dismissal." Bass v. Jostens, Inc., 71 F.3d 237, 243 (6th Cir. 1995) (punctuation modified).

The Court agrees with the magistrate judge's recommendation that the sanction of dismissal is warranted. Each of the factors courts consider in deciding whether dismissal is proper exist here. As discussed above, Plaintiffs have exhibited bad faith by repeatedly flouting the magistrate judge's orders requiring them to fulfil their discovery obligations. The R&R points out that Plaintiffs' failure to provide discovery "prejudices [D]efendants in that they are unable to defend against [P]laintiffs' claims without the information that would be revealed by [P]laintiffs' signed authorizations." R&R at 21. The Court further agrees with Magistrate Judge Altman's assessment that a lesser sanction would not suffice to protect the integrity of the judicial process given Plaintiffs' conduct. Plaintiffs' objection is overruled, and the motion to dismiss as a discovery sanction is granted.

Because the Court disposes of this case on the basis of Defendants' motion to dismiss as a discovery sanction, it need not address Plaintiffs' remaining objections to the R&R, which relate to Defendants' motion to dismiss and for summary judgment, as that motion is moot. The Court denies Defendants' motion to dismiss and for summary judgment (Dkt. 88) as moot, and accordingly overrules Plaintiffs' objections to R&R's recommendations regarding that motion.

7

In addition, the Court further withdraws its order referring all pretrial matters to the magistrate judge (Dkt. 85). Because the Court grants Defendants' motion to dismiss Plaintiffs' amended complaint as a sanction, the Court denies Defendants' motion to strike (Dkt. 95) as moot.

### III.  CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R (Dkt. 101); (ii) grants the motion to dismiss Plaintiffs' amended complaint as a sanction (Dkt. 86); (iii) denies Defendants' motion to dismiss and for summary judgment (Dkt. 88) as moot; (iv) withdraws its order referring this case to the magistrate judge (Dkt. 85); and (v) denies Defendants' motion to strike (Dkt. 95) as moot.

SO ORDERED.

Dated: September 27, 2024  
Detroit, Michigan

s/ Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge